SMITH vs SIMPSON.

Opinion delivered April 5, 1901.

1. *Appeal—Bill of Exceptions Must Include Motion for New Trial*

Mansf. Dig. Sec. 1310 (Ind. Ter. Stat. Sec. 812) provides that a judgment shall not be reversed on appeal for an error which can be corrected on motion in the inferior courts until such motion has been made there and overruled. Under this statute errors assigned for the consideration of the appellate court will not be considered unless presented in motion for new trial in court below, and then made a part of the record by bill of exceptions.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by J. W. Simpson against J. B. Smith. Judgment in favor of plaintiff. Defendant appeals. Affirmed.

*Johnson & Carter* for appellant.

*J. W. Hocker*, for appellee.

GILL, J. Counsel for appellant in their brief assign two grounds of error, towit: (1) The court erred in rendering judgment, for the reason that there is no evidence to sustain such judgment; (2) the court erred in instructing the jury that the payment to Smith, plaintiff in error, being proven, the burden was upon him to show that he did not have reasonable cause to believe that Goode, the bankrupt, was insolvent, and intended a preference of such payment.

Both of these alleged errors could have been corrected on a proper motion before the court below. Section 1310, Mansf. Dig. (Ind. T. Ann. St. 1899, § 812), is as follows: "A judgment or final order shall not be reversed for an error which can be corrected on motion in the inferior courts until such motion has been made there and overruled." Was a motion presenting the errors complained of presented to the court below and ruled upon? We have carefully examined the bill of exceptions, and must say that the record fails to disclose any such motion or ruling. It is true that the bill of exceptions contains a brief statement to the effect that a motion for a new trial was filed and overruled, but it does not set forth a single one of the grounds upon which a new trial was asked. We think that the contention of the counsel for appellee that the errors assigned for the consideration of this court must first be presented by a motion for a new trial to the court below, and then made a part of the record by a bill of exceptions, is correct, and that his position is fully sustained by the following authorities cited in his brief: Rogers vs, Richards (N. M.) 47 Pac. 719; Steck vs Mahar, 26 Ark. 536; Mills vs Jones, 27 Ark. 506; Lambert vs Killian Id. 549; Union Co. vs. Smith, 34 Ark. 684; Hanf. vs Ford, 37 Ark. 544; Blanchard vs U. S. (Okl.) 54 Pac. 300; Bank vs Anderson (Wyo.) 53 Pac. 280; Siebel vs Bath (Wyo.) 40 Pac. 756, reading page 759; Berman vs Wolf, 40 Ark. 251; and Walker vs McGill, Id. 39. A motion for a new trial is not a part of the record proper unless it is included in the bill of exceptions. In the absence of a statute making it a part of the record,—and we have no such statute,—it must be included in the bill of exceptions. The authorities are uniform on this proposition. There being no error apparent in the record before the court, this appeal is dismissed.

CLAYTON, C. J., and THOMAS, J., concur.