LEFORCE VS ANDREWS, ET AL.

Opinion delivered September 25, 1902.

1. *Appeal—Bill of Exceptions—Must Include Motion for New Trial.*
> Errors assigned must first be presented to trial court by motion for new trial, and then made a part of the record by bill of exceptions. Unless this is done, the errors complained of cannot be considered here and the appeal must be dismissed; affirming Smith vs Simpson, 3 Ind. Ter. Rep. 503.

Appeal from the United States Court for the Northern District.

Joseph A. Gill, Judge.

Action by J. A. Leforce against Homer Andrews and others. Judgment for defendants. Plaintiff appeals. Appeal dismissed.

*Smith & McCulloch* and *Hutchings, West & Parker*, for appellant.

*G. B. Denison*, for appellees.

Raymond, J.   On the 13th of January, 1900, the plaintiff filed his complaint in the office of the clerk of the Northern district of the Indian Territory, at Vinita, as follows:   "Comes now the plaintiff and states:   That all parties to this action are citizens of the Cherokee Nation, and that the defendants reside nearer Vinita than any other place where a United States Court is held.   That he is the owner of the following described premises, to wit:   A certain improvement situated about ten miles northwest of Vinita, Ind. T., on the west side of Cabin creek, and bounded as follows:   On the south by the improvements of Lucy Miles, on the east by the improvements of Enoch Sutherland, on the west by the improvements of Mrs. David Saulsberry, and on the north by the improvements of John Weir, consisting of about three hundred and sixty acres of inclosed land situated in Cooweescoowee district, Cherokee Nation, Ind. T.   That the plaintiff is entitled to the immediate possession of said premises. That the defendants obtained peaceable possession of said premises, while plaintiff was the owner and in possession of the same, in the fall of 1897, which possession and occupation by the defendants the plaintiff acquiesced in; and afterwards the plain-

(8)

tiff demanded rent of the defendants for the use of said place, but that they refused and still refuse to pay plaintiff any rent for said place, and refused and still refuse to quit and deliver possession of said place to plaintiff, after lawful demand made to them in writing (a copy, marked 'Exhibit A,' is filed herewith) for the possession thereof. Wherefore plaintiff asks judgment for the possession of said premises, and for his costs and other proper relief." On the 14th of March of the same year the defendants filed their answer to the complaint, as follows: "Now come the above-named defendants, Homer and Callie Andrews, and for their grounds of defense in this action say that as to the allegation in said second amended complaint, that the plaintiff is a member of the Cherokee tribe of Indians and a citizen of the Cherokee Nation, they are not possessed of sufficient knowledge or information upon which to form a belief; and they deny that the plaintiff was the owner of the premises and improvements mentioned and described in his second amended complaint at the time of the commencement of this action or at this time; and they deny that he had at the commencement of this action any ownership of, or right, title, or interest in or to, said premises, or any portion thereof, and deny that he was at the time of the commencement of this action entitled to the possession of said premises or any portion thereof, and deny that he is now so entitled; and deny that the defendants at the commencement of this action unlawfully and by force or unlawfully or by force held possession of the said premises after lawful demand made in writing for the delivery of the possession of the same to the plaintiff, and deny that they either unlawfully or by force held possession of the same; but say that the truth is that the said Callie Andrews is a member of the Cherokee tribe of Indians and resident citizen of the Cherokee Nation, and that the said Homer Andrews was heretofore intermarried with the said Callie Andrews under and in compliance with the laws of the Cherokee Nation governing the intermarriage of white men with Cherokee women, and has ever since

been and is now an adopted citizen of the Cherokee Nation, and as such entitled to own and hold a claim and improvement upon the public domain of the Cherokee Nation; and on the 3d day of September, 1892, one L. D. Saulsberry, being a citizen of the Cherokee Nation, and the owner of a claim and improvements upon the public domain thereof, bargained and sold the same to the said defendant Homer Andrews, and placed him in possession thereof; and the said L. D. Saulsberry and his wife, C. E. Saulsberry, as evidence of said sale, executed and delivered to said Andrews their bill of sale of said improvement, and delivered the same to him; and the said claim and improvements so bargained and sold to him are the same claim and improvements, with the increase and additions made thereto by himself and codefendant while in possession thereof, which are now sued for in this action. A copy of said bill of sale, marked 'Exhibit A' is hereto attached. And defendants say that the said Homer Andrews was the owner of said claim and improvements at the time of the commencement of this action, and is now, and defendants were at the time of the commencement of this action and are now entitled to the possession of the same. The defendants further say that they have never entered into or occupied said premises under or by the consent, either expressed or implied, of the plaintiff, and they have never in any manner expressly or impliedly recognized him as their landlord, or having any right, title, or interest in and to said premises, or the possession thereof. The defendants further say that they were forcibly ejected from and put out of the possession of said premises by one of the deputies of the United States marshal for the Northern district of the Indian Territory, said marshal acting at the instance and direction of the plaintiff, by force of the writ of possession issued out of this court by the clerk thereof at the instance of the plaintiff in this action, to their great injury and damage, namely, to their injury and damage in the sum of one thousand dollars. That they have been deprived of the occupancy and use and income from said improvement

since about the 18th day of February, 1898, and that the fair
rental or usable value of said improvement is three hundred
dollars per annum.    Wherefore the said defendants ask that the
said plaintiff take nothing by this action herein; that the defend-
ants have and recover from the plaintiff the possession of the
said plaintiff, and from his sureties upon his bond in this action
the sum of one thousand dollars, as their damage and value for
the use and rental of said premises from the 18th day of February,
1898, until the trial of this cause; and their costs in and about this
action laid out and expended."    The cause proceeded to trial,
and on the 30th day of January, 1901, there was a verdict for de-
fendants, and damages assessed at $675.    Upon this verdict
judgment was entered on the 20th day of February, 1901.
April 15, 1901, the record was filed in this court, and on June 10th
of the same year the appellees filed their motion to dismiss the
appeal.    The decision upon the motion to dismiss was reserved,
and taken with the case.

The only error of which appellant complains is the giving
of certain instructions for appellees, and the refusal to give cer-
tain instructions asked by appellant.    By looking into the record,
we find that the motion for a new trial is not made a part of the
record by a bill of exceptions.    If the appellant desired to have
the action of the lower court reviewed, the motion for a new trial
should have been filed in the court below, and that motion made a
part of the record in the case by setting the same out in full in the
bill of exceptions.    "The motion for new trial is necessary to en-
able the trial court to correct such errors growing out of the trial
as do not appear on the face of the record proper,—as where it is
insisted that there is no evidence to support the verdict, or that
the verdict is against the law and the evidence, or that the evid-
ence does not authorize the judgment, or that there is an error in
the verdict of the jury, or where it is alleged that the court erred
in matter of law either in admitting or rejecting evidence or in
giving or refusing instructions."    Thomp. Trials, § 2712. · The

practice in this jurisdiction in relation to setting out the motion for new trial in the bill of exceptions has been settled by this court in the case of Smith vs Simpson, 3 Ind. Ter. Rep. 503 (61 S. W. 986). In that case Mr. Justice Gill, in delivering the opinion of the court, says: "Was a motion presenting the errors complained of presented to the court below and ruled upon? We have carefully examined the bill of exceptions, and must say that the record fails to disclose any such motion or ruling. It is true that the bill of exceptions contains a brief statement to the effect that a motion for a new trial was filed and overruled, but it does not set forth a single one of the grounds upon which a new trial was asked. We think that the contention of counsel for appellee that the errors assigned for the consideration of this court must first be presented by a motion for a new trial to the court below, and then made a part of the record by a bill of exceptions, is correct, and is sustained by abundant authority. A motion for a new trial is not a part of the record unless it is included in the bill of exceptions."

There being no error apparent in the record before this court, the appeal is dismissed.