## STONEBRAKER-ZEA CATTLE CO. v. HILTON.

No. 1967. Opinion Filed June 25, 1912.

(124 Pac. 1062.)

1.   **APPEAL AND ERROR—Record—Scope and Contents.** Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made. The record proper in a civil action consists of the petition, answer, reply, demurrers, process, rulings, orders, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record unless made so by a bill of exceptions. Motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript.

2.   **SAME—Questions Presented for Review.** Where the errors assigned are such that, in order to review them, it would be necessary to examine the evidence introduced in the trial court, this court cannot review the same upon a transcript of the record.

(Syllabus by Robertson, C.)

Stonebraker-Zea Cattle Co. v. Hilton.

*Error from Texas County Court;*
*R. S. Alexander, Special Judge.*

Action by Walter Hilton against the Stonebraker-Zea Cattle Company, a corporation, in a Justice of the Peace Court. From a judgment of the County Court dismissing the appeal of the Stonebraker-Zea Cattle Company, it brings error. Dismissed.

*M. G. Wiley* and *William Edens,* for plaintiff in error.

*John L. Gleason,* for defendant in error.

Opinion by ROBERTSON, C. This is an appeal by plaintiff in error from an order of the county court of Texas county dismissing an appeal taken by the plaintiff in error from a judgment of a justice of the peace in favor of defendant in error. The case is brought here by petition in error attached to what purports to be a transcript.

The only specification of error raised, and the only question urged by the plaintiff in error in its brief, is that the trial court erred in sustaining a motion to dismiss the appeal from the judgment of the justice of the peace. Plaintiff in error, in the county court, answered the motion to dismiss the appeal from the justice court, and an issue of fact was thus raised in the county court which was tried by the court and decided in favor of the defendant in error.

The evidence is not preserved by bill of exceptions or case-made, nor is there any attempt to include the same in the transcript. The transcript contains a great many papers other than the record proper, such as a motion for a continuance, what purports to be an appeal bond, and an affidavit, etc., and the defendant in error has appeared and challenged the power and jurisdiction of this court to inquire into the question raised by the motion to dismiss in the county court, for the reason that the same would require a review of the evidence which was considered by the trial court in determining the question of dismissal. Section 5939, Comp. Laws 1909, provides:

"The record shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders,

judgments and all material acts and proceedings of the court," etc.

Under this statute it has been held that motions and orders thereon are not part of the record proper, and can be made a part of the appeal record only by bill of exceptions, or case-made; the rule being stated in the case of *Menten v. Shuttee et al.,* 11 Okla. 381, 67 Pac. 478, as follows:

"Motions presented in the trial court, the rulings thereon, and exceptions are not properly a part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made.. The record proper in a civil action consists of the petition, answer, reply, demurrers, process, rulings, orders, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record, unless made so by a bill of exceptions. Motions and proceedings which are not a part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript."

To the same effect, see *McMechan v. Christy,* 3 Okla. 301, 41 Pac. 382; *Black v. Kuhn,* 6 Okla. 87, 50 Pac. 80; *Kingman & Co. v. Pixley,* 7 Okla. 351, 54 Pac. 494; *McCarthy v. Bentley,* 16 Okla. 19, 83 Pac. 713; *Devault et al. v. Merchants' Exch. Co.,* 22 Okla. 624, 98 Pac. 342; *Green et al. v. Incorporated Town of Yeager,* 23 Okla. 128, 99 Pac. 906; *Davis v. Lammers et al.,* 23 Okla. 338, 100 Pac. 514; *Lamb et al. v. Young et al.,* 24 Okla. 614, 104 Pac. 335; *Leforce v. Andrews et al.,* 4 Ind. T. 96, 69 S. W. 812.

In *Nelson et al. v. Glenn et al.,* 28 Okla. 575, 115 Pac. 471, it was held:

"Where the errors assigned are such that, in order to review them, it would be necessary to examine the evidence introduced below, the Supreme Court cannot review the same upon a transcript of the record."

It therefore becomes unnecessary to pursue this subject further, inasmuch as the purported transcript contains many papers which are no part of the record, and are therefore not properly before this court, and the further reason that the consideration of the alleged error assigned requires an examination of the testimony submitted to the court below on the motion to

dismiss, and which is not presented to this court by case-made or bill of exceptions.

The objection to the consideration of the alleged error is well taken, and the appeal should be dismissed.

By the Court: It is so ordered.