'Crim. No. 856. Second Appellate District, Division One.—April 27, 1922.]

# THE PEOPLE, Respondent, v. LEO W. HURST, etc., Appellant.

[1] CRIMINAL LAW—ARSON — BURNING OF INSURED PROPERTY — DUAL CONVICTION. — Where by the first count of an information the defendant is charged with the crime of arson and by the second count thereof he is charged with the offense of burning of insured property with intent to defraud the insurer, and no objection by motion or demurrer is interposed to the information in the trial court, it is not error to convict him upon both charges.

[2] ID. — VERDICT — EVIDENCE — IGNITION OF FIRE BY ASSOCIATE.—In this prosecution, in which the defendant by one count of the information was charged with the crime of arson and by the second count thereof with the offense of burning insured property with intent to defraud the insurer, the evidence was sufficient to justify the verdict of guilty upon both charges; and the fact that, in accordance with their agreement, the fire was ignited by defendant's associate, who obtained the kerosene therefor, rendered defendant none the less guilty.

[3] ID.—EVASION OF QUESTIONS—DIRECTION BY COURT TO ANSWER.— Where the defendant in a criminal prosecution evades questions asked him by the district attorney on cross-examination, it is not error for the court to direct the witness to answer.

[4] ID.—ALIBI—HEARSAY EVIDENCE.—In a prosecution for arson and for burning insured property with intent to defraud the insurer, testimony by a witness for the defense that a certain other person, whose testimony defendant desired but who was ill, had stated that she was with the defendant at about the time the fire occurred is hearsay and inadmissible.

[5] ID.—REJECTION OF ALLEGED CONFESSION—CROSS-EXAMINATION WITH REFERENCE TO STATEMENTS.—In a criminal prosecution, it is not error to permit the district attorney to question the defendant with reference to statements made by him in an alleged confession which is ruled out of evidence because it was not signed by defendant.

1. Setting fire to building or property with intent to defraud insurance company as crime of arson, notes, **Ann. Cas.** 1913C, 1164; 32 **L. R. A.** 648.

Liability of insurance company in case of intentional destruction of property by insured, note, 17 **L. R. A. (N. S.)** 189.

[6] ID.—MOTIVE—EVIDENCE — ERROR WITHOUT PREJUDICE.—Conceding that the trial court committed error in denying defendant the right to prove "that the business was operating on a business basis and that the business was paying," which proof was offered "to show the absence of motive" on the part of defendant for burning the property, and that the answer to the question which the prosecution objected to would have been favorable as tending to show want of motive, the entire record of the evidence admitted being such as to leave no doubt as to defendant's act in burning the building, he could not have been prejudiced by such alleged error.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Mart Coles, Cooper, Collings & Shreve for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

SHAW, J.—By the first count of an information filed by the district attorney, defendant was charged with the crime of arson. By the second count thereof he was charged with the offense defined in section 548 of the Penal Code, to wit, the burning of insured property, alleged to be a dwelling-house, and contents consisting of furniture therein, with intent to defraud the insurer.

No objection by motion or demurrer was interposed to the information by defendant, who, upon trial, was convicted of arson in the first degree, followed by a judgment thereon of imprisonment for the term prescribed by law, which, as specified in section 455 of the Penal Code, is not less than two years. He was likewise convicted as charged in the second count and adjudged to suffer imprisonment for the term prescribed by law, which, as specified in section 548 of the Penal Code, is not less than one year; it being provided that such last-mentioned judgment should run concurrently with the judgment pronounced upon defendant's conviction of the crime of arson.

[1] On appeal from these judgments defendant, without objection urged in the court below, insists, for some reason not appearing in his brief, that it was error to con-

vict him upon both charges. In the absence of any reason assigned therefor, we are unable to perceive any ground upon which the objection could be based. Section 954 of the Penal Code provides that "an . . . information may charge two or more different offenses connected together in their commission, or two or more different offenses of the same class of crimes or offenses, under separate counts." The offenses are different and connected together in their commission; one being for arson, and the other for burning insured property, its contents, with intent to defraud. By the one act, since the property was insured and the burning accompanied with the intent to defraud, two crimes were committed.

[2] That the evidence was clearly sufficient to show defendant's guilt, admits of no doubt whatsoever. He occupied the house as a tenant of another, and at the time of the fire he held a policy of insurance upon the furniture in the sum of two thousand dollars for his own benefit. With an associate, likewise charged with the commission of the crime and who pleaded guilty to the second count, defendant participated in the burning of the house, the purpose thereof, as clearly appears from the evidence, being to obtain the insurance money with which he and his associates were to go to Mexico. The fact that, in accordance with their agreement, the fire was ignited by King, who obtained the kerosene therefor, renders defendant none the less guilty.

[3] It is next claimed that the attitude of the court prevented defendant from having a fair trial. This contention is based upon the fact that, when defendant upon the witness-stand repeatedly evaded questions asked him by the district attorney on cross-examination, the court as often directed him to answer the questions. There was no error in the action of the court in this regard; indeed, it could not have done otherwise without loss of dignity and ceasing to function.

[4] Upon the ground that a Mrs. Hammond, whose testimony defendant desired, was ill, defendant sought by another witness to prove statements made by her to the effect that she was with defendant at about the time the fire occurred. Clearly such proposed testimony would have been hearsay.

[5] It appears that the people offered in evidence a written confession purporting to have been made by defendant, which, upon objection, was ruled out upon the ground that it was not signed by defendant. Whereupon defendant was questioned as to whether he had not made certain statements contained in the typewritten document, some of which he admitted having made and others of which he denied. The confession was not, as claimed by appellant, introduced in evidence, and we perceive no impropriety in the court permitting the district attorney to question defendant with reference to statements made by him as to his participation in the burning of the building.

[6] A witness called by defendant was asked, "Did you have any interest in that business?" to which question the court sustained an objection upon the ground that it was immaterial. Defendant's attorney then stated: "I want to show the absence of motive"; whereupon the court asked defendant's attorney: "What do you propose to prove by this witness?" to which he replied: "I propose to prove that the business was operating on a business basis and that the business was paying," in answer to which the court stated, "That would be a conclusion of the witness," and sustained an objection thereto. In so ruling we think the court was correct. While defendant was entitled, as he claims, to introduce evidence showing an absence of motive, which, if established, is a fact for the consideration of the jury in weighing the evidence against him, since without motive therefor it is improbable that one will commit a criminal offense, nevertheless no question was asked of the witness tending to bring out any facts from which the jury could determine whether or not the business was profitable, and, clearly, had the witness answered that it was a paying business, it would have been merely a conclusion. However this may be, and conceding the ruling to have been erroneous and that the answer to the question would have been favorable as tending to show want of motive, nevertheless, since an examination of the entire record leaves no doubt as to defendant's act in burning the building, which was insured for his benefit in the sum of two thousand dollars, he could not have been prejudiced by the alleged error.

Upon the record presented there can be no possible question as to defendant's guilt, and there were no errors in the rulings of the court prejudicial to his substantial rights.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.