## McGUIRE v. RASH.

No. 13166—Opinion Filed April 3, 1923.

(Syllabus.)

1. Appeal and Error—Record—Transcript —Sufficiency.

A case, to be reviewable on transcript, must contain a copy of the whole record, and a certificate of the clerk to the transcript showing on its face that parts of the record are omitted, and which undertakes to specify the parts that are included, is insufficient. Manley v. Halsell, 43 Okla. 402, 143 Pac. 193; Wade et al. v. Mitchell, 14 Okla. 168, 79 Pac. 95; Bruce v. Casey-Swasy Co., 13 Okla. 554, 75 Pac. 280; Walcher v. Stone, 15 Okla. 130, 79 Pac. 771; Fortune v. Parks et al., 29 Okla. 698, 119 Pac. 134; E. G. Rall Grain Co. v. First State Bank, 39 Okla. 788, 136 Pac. 744.

2. Same—Record—Motions and Rulings.

Motions and orders thereon are not parts of the record proper and cannot be brought into this court for review except by bill of exceptions or case-made.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by W. M. Rash against C. Lincoln McGuire. From the judgment, defendant brings error. Dismissed.

G. G. McVay and Sigler & Jackson, for plaintiff in error.

C. L. McGuire, for defendant in error.

PER CURIAM. This case is attempted to be appealed by transcript, and the record is certified by the clerk as follows:

"I, Jess J, Lasley, court clerk in and for the county and state aforesaid, and ex-officio clerk of the district court of said Carter county, Oklahoma, hereby certify the above and foregoing to be a full, true and correct copy of the record and the whole thereof, except an execution issued on the 23rd day of January, 1922, in the above entitled suit heretofore pending in the said district court, being suit numbered 7438 wherein W. M. Rash is plaintiff and C. Lincoln McGuire is defendant, the petition filed by said plaintiff on the 19th day of January, 1921, demurrer was filed on the 19th day of February, 1921, motion for additional time filed March 31, 1921, order filed March 31, 1921, application of defendant for change of judge filed on September 23, 1921, order overruling motion filed 23d day of September, 1921, verdict filed September 23, 1921, judgment filed October 4, 1921, motion for new trial filed by defendant on the 26th day of September, 1921, order overruling motion filed October 25, 1921, supersedeas bond filed on the 7th day of November, 1921.

"Witness my hand and the seal of the court clerk of Carter county, Oklahoma, affixed hereto, this 24th day of March, 1922,

"Jess J. Lasley, Court Clerk."

This certificate is not sufficient. It shows on its face that the transcript is not a full, true, and correct transcript of the record as provided in rule 17 of this court (47 Okla. viii), which is as follows:

"XVII. Certification of Transcripts. Transcripts may be certified by the clerk of the district court substantially in the following form:

"State of Oklahoma, County of————

"I, ————————————, clerk of the district court for said county, do hereby certify that the foregoing is a full, true and correct transcript of the record in the above entitled cause.

"In testimony whereof, I have hereunto set my hand and seal of this court this ————day of ———————————, Clerk."

The petition in error contains no assignment of error which may be considered on transcript by this court. The assignments of error are as follows:

"(1) The court erred in overruling the demurrer of defendant, C. Lincoln McGuire, to the petition of plaintiff, W. M. Rash.

"(2) The court erred in overruling the motion of defendant, C. Lincoln McGuire, for change of judge, on the ground of bias and prejudice on the part of said trial judge, Thomas W. Champion, against the defendant.

"(3) The court erred in overruling the motion of C. Lincoln McGuire for continuance.

"(4) The court erred in overruling the motion of C. Lincoln McGuire for new trial."

As to the first assignment, the record fails to disclose any action on the part of the lower court on the demurrer, or any request for action, or any exceptions saved, but it does disclose that plaintiff in error filed answer and went to trial, which operated as an abandonment of his demurrer.

As to Nos. 2, 3, and 4 assignments of error, motions and orders thereon are not parts of the record proper, and cannot be brought into this court for review except by bill of exceptions or case-made. Summer et al. v. Sherwood, 25 Okla. 70, 105 Pac. 642; Stonebaker-Zea Cattle Co. v. Hilton, 34 Okla. 225, 124 Pac. 1062; Tribal Development Co. et al. v. White Bros. et al., 28 Okla. 525, 114 Pac. 736; Laird v. Bannon, 31 Okla. 627, 122 Pac. 180; Devault et al. v. Merchants' Exch. Co., 22 Okla. 624, 98 Pac. 342.

For the foregoing reasons, the appeal is dismissed.