### CRAWFORD v. SHINTAFFER.

No. 11423—Opinion Filed July 24, 1923.

**1. Appeal and Error—Notice of Appeal.**
Section 782, Compiled Oklahoma Statutes, 1921, provides that the party desiring to ap-

peal shall give notice in open court either at the time the judgment is rendered, or within ten days thereafter, of his intention to appeal to the Supreme Court, and where the party attempting to perfect appeal has failed to give such notice, the attempted appeal is a nullity.

**2. Appeal and Error—Motion for New Trial—Where Unnecessary for Review.**

A motion for new trial is unnecessary to enable this court to review the action of the trial court in sustaining an objection to the introduction of any evidence by plaintiff upon the ground that his petition fails to state a cause of action.

**3. Same—Time for Notice of Appeal.**

Where a motion for new trial is not necessary to present question for review, the time for giving such notice runs from the date of the rendition of the judgment, and not from the date of the order overruling motion for new trial.

**4. Same—Failure to Give Notice—Jurisdiction.**

Where the parties have failed to give notice within the time prescribed by statute of their intention to appeal, this court is without jurisdiction to review the judgment of the trial court, and such attempted appeal is a nullity, and the cause will be dismissed.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; Jas. I. Phelps, Judge.

Action by George E. Crawford against S. L. Shintaffer. From a ruling of the court sustaining the defendant's objection to the introduction of evidence, the plaintiff brings error. Dismissed.

Edward E. Reardon, for plaintiff in error.

J. S. Estes, Warren K. Snyder, and Chastain, Harris & Young, for defendant in error.

Opinion by RUTH, C. This was an action brought by George E. Crawford, plaintiff in error, against S. L. Shintaffer, defendant in error, wherein the plaintiff alleged that he had suffered damages by reason of slanderous words used by the defendant of and about the plaintiff. For convenience, the parties will be designated as they appeared in the court below.

The controversy arose over a statement alleged to have been made by the defendant of and about the plaintiff, which words so spoken by the defendant and set up in the plaintiff's petition were as follows:

"The evidence of a man whose name is signed to a paper like this would not go very far in court, when a receipt like this was found in Charles Harris' meat house."

The plaintiff further agrees that the paper or receipt referred to was in the following words and figures:

"El Reno Land Office.
"Name, George Emerson Crawford.
"Last residence, Britton twp. O. T.
"Birthplace, State of Illinois.
"Where naturalized.
"Age, 27 years; color, white.
"Weight, 145 pounds; height, 5 feet, 5 1-2 inches.
"Send notice to Britton, O. T.
"Signature, George Emerson Crawford.
"Countersigned at.
"July, 1901."

—and that said paper was exhibited to three certain men at the time of the making of the statement.

The plaintiff's petition further alleges that on or about the 8th day of February, 1902, a cellar or cave of one Charles Harris was broken and entered into in the nighttime, and that the words so uttered and spoken as hereinbefore alleged, were spoken to and in the presence of three persons who heard them, and that these persons understood that the words and language so used by the defendant referred to the plaintiff as being the party who broke and entered into the cave or cellar where the pork was kept, and the plaintiff alleges general damages to his good name and reputation.

It appears that the plaintiff filed his original petition and a first and second amended petition, to each and every of which said petitions the defendant filed his demurrer and upon consideration of the demurrer to the second amended petition, the demurrer was overruled and the defendant given time to answer; that thereafter, on the 11th day of February, 1920, this cause came on to be heard upon the second amended petition and the answer therein filed. We feel at this point that it is but proper to say that the cause did not come on for trial before the same judge who overruled the demurrer to such second amended petition. Upon a jury being impaneled and sworn, and after opening statements made by counsel for the respective parties, the plaintiff, George E. Crawford, was called as a witness in his own behalf, and was duly sworn, and after the question, "State your name," counsel for the defendant made the following objection:

"Comes now the defendant and objects to the introduction of any testimony on be-

half of this plaintiff and alleges as a reason therefor that the second amended petition does not contain any matter libelous or slanderous per se; and, second, that there are no allegations in the petitions of any specific damages incurred by the plaintiff; and, for the third reason, that counsel has admitted in his opening statement that the receipt signed by or given to George F. Crawford was found in Charles Harris' meat house".

The jury was thereupon excused and argument had. The objection to the introduction of evidence was sustained, and the jury dismissed on the 11th day of February, 1920.

It further appears from the record that on the 12th day of February, 1920, there was filed in said cause with the clerk of the court a motion for a new trial, in which the plaintiff alleges that the court erred, as a matter of law, in refusing to allow the plaintiff to introduce evidence in support of the allegations of the second amended petition, and also erred in sustaining the defendant's objection to the introduction of any evidence on behalf of the plaintiff, and the court further erred in refusing to permit the plaintiff to introduce evidence in support of the allegations of the plaintiff's second amended petition, because no allegation of special damage was set out or alleged in the plaintiff's second amended petition.

Thereafter, and on the 27th day of March, 1920, which date was 44 days after the ruling of the court sustaining the defendant's objection to the introduction of any testimony under the second amended petition, the motion for a new trial was called for hearing, and was by the court overruled, and exceptions allowed. Notice of appeal was given in open court by the plaintiff and from the record it appears the court attempted to give to the plaintiff 30 days from and after March 27, 1920, within which to make and serve case-made, ten days thereafter to suggest amendments, and five days thereafter to settle case-made, 20 days from and after March 27, 1920, within which to supersede.

On the 26th day of April, 1920, the court attempted to grant to the plaintiff an extension of time within which to prepare and serve case-made, which said extension of time purports to be for a period of ten days from and after the 26th day of April, 1920. This attempted appeal is from a ruling of the court sustaining the objection of the defendant to the introduction of evidence by the plaintiff under his second amended petition for that the said petition did not contain matter libelous or slanderous per se and that there were no allegations of special damage to the plaintiff.

The only error complained of, or that could be complained of, was the ruling of the court sustaining the objection of the defendant to the introduction of testimony under the second amended petition, to which the plaintiff saved his exception and filed his motion for a new trial. By the ruling of the court upon the question of law, if that constituted a final judgment appealable to this court, it was necessary, under the statute, for the plaintiff to have filed his notice of appeal within ten days after such ruling of the court, or where a judgment, order, or ruling of the court in refusing to permit plaintiff to introduce evidence under his petition is an appealable order, no motion for a new trial is necessary, and where the motion for a new trial is not necessary, the time for giving notice of appeal and serving case-made runs from the date of such judgment, ruling, or order, and not from the date of the overruling of the motion for a new trial.

In Clapper v. Putnam Company, 70 Oklahoma, 158 Pac. 297, this court held:

"A motion for new trial is unnecessary to enable this court to review the action of the trial court in sustaining an objection to the introduction of any evidence by a plaintiff upon the ground that his petition fails to state a cause of action."

It is a well-settled principle, sustained by numerous decisions of this court, that where a motion for new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to perfect an appeal. Chestnut et al. v. Overholser, 75 Okla. 190, 182 Pac. 683.

A careful investigation of the record in this case discloses the fact that the judgment of the court sustaining the objection of the defendant to the introduction of any evidence by the plaintiff for the reason that the plaintiff's petition failed to state a cause of action was rendered on the 11th day of February, 1920, and while motion for new trial was filed on the 12th day of February, 1920, said motion was not heard until the 27th day of March, 1920, upon which last date the plaintiff filed his notice of appeal to this court, the last said date being more than ten days after the rendition of the judgment sought to be appealed from.

Section 782, Comp. Stat. 1921, provides:

"A party desiring to appeal shall give notice in open court either at the time the judgment is rendered or within ten days thereafter of his intention to appeal to the Supreme Court"

--and the plaintiff having on the 27th day of March, 1920, given notice of appeal from the ruling of the court entered on the 11th day of February, 1920, such notice was not given within the statutory period, and is a nullity, and confers no jurisdiction upon this court to hear and determine such appeal.

In view of the unbroken line of decisions of this court with reference to time for notice of appeal, and the plaintiff having failed to comply with the statutory requirements referring to notice within ten days after the rendition of judgment or order attempted to be appealed, this court is without jurisdiction to hear and determine this appeal, and the appeal should be dismissed.

By the Court: It is so ordered.