### KINNON v. COTE PIANO MFG. CO.

No. 14272—Opinion Filed Oct. 16, 1923.

**1. Appeal and Error—Invalidity of Case-Made—Time for Service.**

The record as a case-made is a nullity when served upon defendant in error after expiration of time given for preparing and serving case-made.

**2. Same—Attestation by Clerk.**

The record as a case-made is a nullity if the signature of the trial judge to the certificate settling the case-made is not attested by the signature and official seal of the court clerk.

**3. Same—Review on Transcript—Grant of New Trial.**

A certified transcript is not sufficient to give the Supreme Court jurisdiction to consider alleged error of the trial court in sustaining a motion for new trial, and when this is the only question presented, the appeal will be dismissed.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Jackson County; J. M. Williams, Judge.

Action by the Cote Piano Manufacturing Company against Tom Kinnon. Verdict for defendant, and, from an order sustaining a motion for a new trial, defendant appeals. Dismissed.

W. C. Austin, for plaintiff in error.

T. M. Robinson, for defendant in error.

Opinion by THREADGILL, C. On the 10th day of December, 1917, the defendant in error brought suit in the county court of Jackson county, Okla., against the plaintiff in error upon certain notes, copies of which were attached to the petition. On the same day the plaintiff in error filed a demurrer to the petition, which was overruled by the court on the 19th day of January, 1918. On the 14th day of November, 1919, the defendant in error filed an amended petition, and on the 21st day of January, 1921, plaintiff in error filed answer to amended petition. The cause was tried to a jury on the 21st day of January, 1921, and resulted in a verdict in favor of plaintiff in error. On same day the defendant in error filed motion for new trial, which was sustained by the court on the 8th day of November, 1922. The plaintiff in error excepted and gave notice of appeal. An extension of 90 days from the 8th day of November, 1922, was given by the court to prepare and serve case-made. The case-made was prepared and served on the 21st day of February, 1923, which was 15 days too late to comply with the order. The trial judge signed the certificate settling the case-made on the 17th day of March, 1923. There is a county court seal to the left of this signature of the county judge, but there is no signature of the court clerk attesting the signature of the judge. There is a certificate of the court clerk that the record is a true and correct transcript of the court record. The case-made is a nullity for two reasons, which are apparent upon the face of the record: First, the case-made was served upon the attorney for defendant in error after the time had expired for preparing and serving same; second, the signature of the trial judge certifying and settling case-made is not attested by the court clerk. Foulds v. Hubbard, 36 Okla. 146, 128 Pac. 108; Brown Beane Co. et al. v. Rucker et al., 36 Okla. 696, 136 Pac. 1075; Southern Surety Co. v. Smith, 74 Oklahoma, 184 Pac. 905; Harmon v. McCormack, 42 Okla. 63, 135 Pac. 1052.

There are no questions we can consider in this record as a case-made, and without the questions presented by the plaintiff in error can be presented by transcript the appeal would have to be dismissed.

The question presented for our consideration is whether or not the court committed error in sustaining the motion of defendant in error for new trial. This question involves a consideration of the motion for a new trial, which motion is not stated in the briefs of the parties; however, it seems to be conceded by both parties that the negotiability of the notes, a copy of which appears in the brief of plaintiff in error, is the pivotal point to be determined. The plaintiff in error contends that the notes were not negotiable and the defendant in error contends that they were, but we are not informed by the transcript the holding of the trial court on this point. This would appear from the testimony and the instructions of the court to the jury, and motion for new trial, but we cannot consider the evidence or the instructions of the court, or motion for new trial; they are no part of the transcript. A. C. Davis et al. v. R. S. DeGreer et al., 91 Okla. 111, 216 Pac. 156; Billington v. Grayson, 59 Okla. 182, 158 Pac. 433; McGuire v. Rash, 89 Okla. 132, 214 Pac. 698.

Therefore, we cannot say from the transcript that the court committed error in sus-

taining the motion for a new trial. **This court would rather consider the case upon** its merits and render a decision settling **the** contentions of the parties, but when counsel fail to have record prepared as by law provided, we cannot take jurisdiction where no jurisdiction is conferred, and are not responsible for failure of the appeal on the merits.

The appeal is dismissed.

By the Court: It is so ordered.