## NEWTON v. STATE et al.

No. 12300—Opinion Filed Oct. 30, 1923.

### Appeal and Error—Failure of Defendant in Error to File Brief—Review.

Where the plaintiff in error files his brief as required by Rule 7 of this court, and the defendant neither files a brief nor gives any reason or excuse for not filing the same. and the brief of the plaintiff in error appears to reasonably support the assignments of error, it is not the duty of the Supreme Court to search the record with a view of ascertaining some possible theory on which the judgment may be affirmed.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Jackson County; J. M. Williams, Judge.

Action by C. C. Newton against J. L. English, sheriff, for the possession of one Ford roadster. From judgment in favor of defendant, plaintiff brings error. Dismissed.

S. B. Garrett, for plaintiff in error.

Opinion by RUTH, C. |This action was founded upon the seizure of a Ford car by the sheriff of Jackson county, who made his return showing the car was used to transport intoxicating liquors. C. C. Newton filed his petition in the nature of a plea of intervention and upon a trial to the court evidence was introduced by both the

state and the intervener, and upon conclusion of all the evidence the court rendered judgment confiscating the car and ordering it sold according to law. The intervener attempts to bring error and have the cause reviewed by this court and files his case-made and brief. The state has not seen fit to favor us with a brief in this case, but under Rule 7 of this court, the court may affirm or reverse the judgment of the trial court. Russell & Washington v. Robertson, 82 Okla. 283, 200 Pac. 150; Incorporated Town of Kusa v. Bouggous, 82 Okla. 204, 200 Pac. 154, and others.

"The question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or overlooked by the court. It is the bounden duty of the court to examine into its jurisdiction, whether raised by any party or not, and sui sponte, to determine its own jurisdiction." Howard v. Arkansaw, 59 Okla. 206, 158 Pac. 437.

The record in this case discloses that after both plaintiff and defendant rested, the court rendered judgment, and intervener gave notice of appeal to the Supreme Court. The record does not disclose that any motion for a new trial was filed, and the petition in error fails to assign as error the overruling of a motion for a new trial by the court below.

For the reasons above stated, this appeal should be dismissed.

By the Court:    It is so ordered.