## HOLLOWAY v. O'DELL et al.

No. 19192.    Opinion Filed May 22, 1928.

(Syllabus.)

**Appeal and Error—Motions, Rulings Thereon, and Exceptions not. Part of Record Proper.**

Motions presented in the trial court, the rulings thereon, and exceptions thereto are not properly a part of the record, and can only be preserved and presented for review on appeal to the Supreme Court by incorporating the same in the bill of exceptions or case-made.

Error from District Court, Hughes County; George C. Crump, Judge.

Action by L. B. Holloway against Walter O'Dell et al. From an order of the trial court vacating its former judgment and orders, plaintiff appeals. Dismissed.

Anglin & Stevenson and Forrest M. Darrough, for plaintiff in error.

George L. Hill, for defendants in error.

PER CURIAM. This action was begun in the trial court by the plaintiff in error, as plaintiff below. An attachment was issued and levied on the real estate belonging to the defendants and service was had by

publication. The attachment was sustained, judgment rendered, real estate sold, and writ of assistance issued. Thereafter the defendant in error filed his motion in the action to vacate and set aside the attachment, the judgment procured in the cause, the sheriff's sale made therein, the writ of assistance, and all other orders and judgments entered in said cause, on the grounds of lack of jurisdiction of the trial court to make and enter such judgments and orders. A hearing was had upon said motion, and the trial court made an order sustaining the same and vacating the orders and judgments made therein, together with the sale of said real estate, and from this action of the trial court, plaintiff in error appeals. The appeal is by petition in error with transcript attached. The assignments of error herein in petition in error are all based upon the action of the trial court in sustaining said motion.

Defendant in error filed in this court a motion to dismiss the appeal for the reason the errors assigned cannot be reviewed upon transcript, but in order to have the same reviewed the case must be brought here by bill of exceptions or case-made. In the case of Stonebraker-Zea Cattle Co. v. Hilton, 34 Okla. 225, 124 Pac. 1062, this court laid down the following rule:

"Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made. The record proper in a civil action consists of a petition, answer, reply, demurrers, process, rulings, orders, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record unless made so by a bill of exceptions. Motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript."

In the case of Richardson et vir v. Beidleman, 33 Okla. 463, 126 Pac. 818, this court laid down the following rule:

"A motion for new trial or a motion to vacate an order is not a part of the record brought by the transcript."

The rules thus laid down have been consistently followed in a long line of decisions of this court. See Craig v. Greer, Sheriff, 33 Okla. 302, 124 Pac. 1096; Billington v. Grayson, 59 Okla. 182, 158 Pac. 433; Scott v. Woods Lumber Co., 86 Okla. 185, 207 Pac 499;

Davis v. DeGeer, 91 Okla. 111, 216 Pac. 156; United Fig & Date Co. v. Carroll, Brough, Robinson & Humphrey, 116 Okla. 82, 243 Pac. 211; Brigham v. Davis, 126 Okla. 90, 258 Pac. 740.

The appeal is by transcript, and the assignments of error cannot be reviewed by transcript. There is nothing before this court for review. The appeal is dismissed.

Note.—See 4 C. J. p. 92, § 1688; p. 127, § 1732.