## CHASE et al. v. BYRNES.

No. 20159.   Opinion Filed April 9, 1929.

Franklin H. Griggs and W. A. Chase, for plaintiffs in error.

D. Clayton Arnold and Christy Russell, for defendant in error.

PER CURIAM. This action was instituted in the district court of Tulsa county by Irene Byrnes, as plaintiff, against E. M. Chase and Noble Chase, as defendants, wherein the plaintiff sought to vacate, cancel, and hold for naught the conveyance and transfer of certain real and personal property in Tulsa county from E. M. Chase to Noble Chase, alleging that the same was conveyed and transferred to avoid the payment of a judgment in favor of the plaintiff and against the defendant E. M. Chase. The plaintiff also prayed for the appointment of a receiver to take charge of said property until final determination of the action. An interlocutory order was made appointing a receiver, and thereafter the defendants moved the court to vacate its order appointing the receiver, which motion was submitted to the court on the 8th day of February, 1929, and was by the court in all things denied. From the order of the trial court refusing to vacate the appointment of the receiver the plaintiffs in error appealed and attached to the petition in error a transcript of the record duly certified by the court clerk. The defendant in error has filed in this court her motion to dismiss the appeal on various grounds, only one of which, that the order refusing to vacate the appointment of a receiver cannot be reviewed upon transcript, will be necessary to notice, as the plaintiffs in error have responded to the motion to dismiss and assert therein that the only question involved in this appeal arises on the proceedings to vacate the appointment of a receiver and urge the motion to vacate the appointment of a receiver is in effect a petition, and that the record proper in this proceeding is thus made up of the motion itself, any response thereto, and the order of the court thereon, which is in effect a final judgment, and therefore can be presented by transcript. Motions presented to the court, the rulings thereon, and exceptions thereto are not properly a part of the judgment roll, and can only be preserved and presented for review on appeal to the Supreme Court by incorporating the same in a bill of exceptions or case-made. Holloway v. O Dell, 131 Okla. 38, 267 Pac. 620, and cases therein cited. In the case of Richardson et al. v. Beidleman, 33 Okla. 463, 126 Pac. 818, the court announced the following rule:

"A motion for new trial or a motion to vacate an order is not a part of the record brought by transcript."

Applying the rules announced in the cases above cited, the motion to vacate the appointment of receiver in this case is not a part of the judgment roll, and must be presented by a bill of exceptions or case-made. The motion to dismiss is sustained, and the appeal is dismissed.