**REVARD et al. v. WHITE.**

No. 20650. Opinion Filed Oct. 15, 1929.

D. E. Johnson, for plaintiffs in error.

H. P. White, for defendant in error.

PER CURIAM. This is an appeal from the order of the district court of Osage county dismissing an appeal from an order and judgment of the county court of said county.

The order appealed from sustained a motion of the defendant in error to dismiss the appeal in the county court upon the ground the district court was without jurisdiction to hear and determine the cause, for the reason the attorneys perfecting the appeal were not authorized to act for and on behalf of the minors and the purported administrator of the estate involved, appellants in the district court. At the conclusion of the hearing on said motion the court found the attorneys purporting to represent such appellants in the perfecting of the appeal were without authority in so doing and that the purported administrator was also without authority, no letters having been issued to him, and on March 14, 1929, the trial court entered the order appealed from. No notice of appeal was given at the time of the making of said order or within 10 days thereafter, and no order was made extending the time in which to make and serve case-made. On March 16, 1929, a motion for new trial was filed, and on April 1, 1929, this motion was overruled. Upon the overruling of the motion for new trial the plaintiffs in error gave notice of appeal and procured an order extending the time in which to make and serve case-made. The case-made attached to the petition in error was served on June 29, 1929.

The filing and determining of a motion for new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review an order made on such hearing. Powell v. Nichols, 26 Okla. 734, 110 Pac. 762; Ginn v. Knight, 106 Okla. 4, 232 Pac. 93; Buchanan v. Eddleman, Adm'x, 125 Okla. 184, 256 Pac. 520. And does not extend the time in which to give notice of appeal. Crawford v. Shintaffer, 92 Okla. 22, 217 Pac. 867. Nor does the filing of such unauthorized motion extend the time in which to make and serve a case-made. Ginn v. Knight, supra; Buchanan v. Eddleman, supra. The order of the court made on April 1, 1929, extending the time in which to make and serve a case-made, is a nullity for the reason the court was without jurisdiction to make the same, such order not having been made within the 15 days' time allowed by law in which to serve a case-made after the making of the order appealed from. Petty v. Foster, 122 Okla. 152, 252 Pac. 836. No notice of appeal having been given within the time required by law, this court does not have jurisdiction over the defendant in error. Crawford v. Shintaffer, supra. The case-made, not having been served within the time allowed by law or a valid order of the court, is a nullity and brings nothing before this court for review. Ginn v. Knight, supra, Buchanan v. Eddleman, supra.

Under this condition of the record, there is nothing before this court for review, and the appeal is dismissed.

Note.—See under (2) 2 R. C. L. p. 110; (3) 2 R. C. L. p. 158; R. C. L. Perm. Supp. p. 351. See "Appeal and Error," 3 C. J. §909, p. 988, n. 44; §1341, p. 1238, n. 53; 4 C. J. §1986, p. 346, n. 66; §1988, p. 348, n. 83.