## HILL v. McCLEERY et al.

No. 20811. Opinion Filed Feb. 4, 1930.

A. K. Little and Russell V. Johnson, for plaintiff in error.

Chas. Weaver and O. F. Mason, for defendant in error.

PER CURIAM. This is an appeal from the order of the district court of Ottawa county made and entered in an action wherein the plaintiff in error was plaintiff and the defendants in error were defendants.

The plaintiff in error, plaintiff below, to enforce payment of a deficiency judgment, caused execution to be issued and a levy made on certain lands in Ottawa county belonging to S. J. McCleery. The defendants in error S. J. McCleery and wife filed in the trial court their motion for release of property levied upon for the reason the property levied upon was the homestead of the defendants and not subject to sheriff's sale for the payment of said judgment. A hearing was had on the motion and an order entered on the 15th day of April, 1929, releasing said property from the levy so made thereon. No notice of appeal was given at the time of the making of this order or

within 10 days thereafter. The plaintiff in error filed his motion for new trial, which was overruled on the 29th day of April, 1929, at which time notice of appeal was given.

The cause is now before the court on motion of plaintiff in error to determine the case. Defendants not having filed briefs, the plaintiff seeks a reversal of the judgment.

From an examination of the record in this cause, we find this court is without jurisdiction over the defendants in error. We therefore cannot reverse the judgment appealed from, for the reason no notice of appeal was given at the time the order was made or within 10 days thereafter. The defendants in error have in no way waived such notice, nor have they entered their appearance in this court. It is the bounden duty of the court to examine into its jurisdiction, whether raised by any party, or not, and sua sponte to determine its own jurisdiction. Howard v. Arkansas, 59 Okla. 206, 158 Pac. 437; Newton v. State, 93 Okla. 137, 219 Pac. 899; Fehr v. Black Petroleum Corporation, 103 Okla. 241, 229 Pac. 1048. The order appealed from resulted after hearing upon the motion to release the property levied upon from forced sale, and was not tried on the issues formed by any pleadings in the cause, and the filing and determination of a motion for new trial of a contested question of fact not arising upon the pleadings but upon a motion is unnecessary to authorize this court to review an order made upon such hearing, and the filing of such motion does not extend the time in which notice of appeal may be given. Revard v. White, 139 Okla. 102, 281 Pac. 258; Crawford v. Shintaffer, 92 Okla. 22, 217 Pac. 867. Notice of appeal must be given at the time of the making of the order or rendering of judgment appealed from or within 10 days thereafter to confer jurisdiction over the parties to the action in this court. Section 782, C. O. S. 1921; Revard v. White, supra; Crawford v. Shintaffer, supra. No notice of appeal having been given within the time required by law, this court does not have jurisdiction over the defendants in error, and the appeal is dismissed.

Note.—See under (3) 2 R. C. L. p. 108 et seq.; R. C. L. Perm. Supp. p. 334. See "Appeal and Error," 3 C. J. §128, p. 372, n. 53; §866, p 972, n. 60; §1050, p. 1051, n. 9; §1074, p. 1067, n. 28.