## GOLDBERG v. GOLDBERG.

Nos. 20625 and 20626 Consolidated. Opinion Filed Sept. 9, 1930.

C. Ross Hume and William McFadyen, for plaintiff in error.

Morris & Wilhite, for defendant in error.

PER CURIAM. These consolidated cases are now before the court on separate motions to dismiss the appeals from the judgment rendered in the trial court. These appeals come to this court from the district court of Caddo county. In each of the actions the plaintiff in error was the defendant in the trial court. In cause No. 20625, judgment was rendered on the pleadings February 11, 1929. On February 13, 1929, the plaintiff in error, defendant below, filed her motion for new trial, which was by the trial court struck from the files May 7, 1929. Exceptions were taken to this action of the court and notice of appeal given and the appeal lodged in this court August 8, 1929. No notice of appeal was given at the time the judgment was rendered upon the pleadings, nor was such notice given within ten days thereafter.

The filing and determining of a motion

for new trial where judgment is rendered on pleadings is unnecessary to enable this court to review the judgment so rendered. Healy v. Davis, 32 Okla. 296, 122 Pac. 157; Manes v. Hoss, 28 Okla. 480, 114 Pac. 698; United States Fidelity & Guaranty Co. v. Ham, 122 Okla. 261, 254 Pac. 100; Nixon v. General Explosives, 87 Okla. 88, 209 Pac. 428; Schuber v. McDuffee, 67 Okla. 160, 169 Pac. 642. The filing and determining of such unnecessary motion does not extend the time in which notice of appeal may be given, and where notice of appeal is not given within the time allowed by law, this court is without jurisdiction to review the judgment appealed from. Hill v. McCleery, 141 Okla. 205, 284 Pac. 646; Revard v. White, 139 Okla. 102, 281 Pac. 258. The plaintiff in error assigns as error the action of the trial court in striking her motion from the files. It has heretofore been determined that such motion was unnecessary and the striking of such unnecessary motion by the trial court was not error, and the appeal therefrom is without merit.

In cause No. 20626 the action in the trial court was to vacate a judgment alleged to have been procured by fraud. At the trial of this cause evidence was introduced and the judgment rendered from which this appeal is taken. No motion for new trial was filed in this cause calling the attention of the trial court to alleged errors occurring at the trial. The proceedings were brought under the 4th subdivision of section 810, Comp. St. 1921, which proceedings are by petition and in the nature of an original action, and a motion for new trial was necessary to enable this court to review the judgment appealed from. Parker v. Rennie, 136 Okla. 122, 276 Pac. 721; Smith v. Smith, 102 Okla. 70, 226 Pac. 368; Brady v. Sampson, 104 Okla. 72, 230 Pac. 248; Harper v. Rutland Savings Bank, 79 Okla. 274, 192 Pac. 1101. No motion for new trial having been filed in cause No. 20626, this court cannot review the judgment appealed from in this cause.

The only errors complained of in the petition in error are alleged to have occurred upon the trial of the cause, and no motion for new trial having been filed, this court is unable to review the same. For the reasons above stated, the appeals in these consolidated cases are dismissed.