## FORREST E. GILMORE CO. v. JAMES, Trustee, et al.

No. 22966.    Opinion Filed April 12, 1932.

Yancey, Spillers & Fist, for plaintiff in error.

Steel & Daugherty, for defendants in error.

PER CURIAM. This is an attempted appeal from the judgment rendered in the district court of Tulsa county, Okla., on the 20th day of April, 1931, sustaining the motion of defendants and rendering judgment on the pleadings against the plaintiff in error, plaintiff below, and from which order and judgment of the trial court the plaintiff appeals to this court by filing petition in error and transcript on October 19, 1931. The plaintiff in error makes the following assignments of error, to wit:

"1. That the trial court erred in sustaining the motion of the defendants F. E. James, trustee, et al., for a judgment on the pleadings against the plaintiff, * * * to which the petitioner herein duly excepted.

"2. That the trial court erred in rendering judgment on the pleadings in favor of the defendants, * * * and against the petitioner herein, for the reason that the counterclaim on which judgment was rendered in favor of the defendants and against the plaintiff was for damages, and no evidence was introduced to support the claim for damages, to which this petitioner duly excepted."

The defendants in error have filed a motion in this court to dismiss the appeal on the grounds that the plaintiff in error is attempting to appeal by transcript from a judgment in favor of the defendants in error, and no notice of appeal was given by the plaintiffs in error as required by law. Plaintiff in error, as response to motion to dismiss, alleges that, through inadvertence and mistake the motion for new trial filed by the plaintiff in error in the district court of Tulsa county, and the order thereon, together with the notice of appeal, were not included in the transcript; and prays "that an order be entered, directing the return of the transcript to the court clerk of Tulsa county for correction, and that the same be made to include those portions of the record in the court below that are shown to be omitted therefrom."

That portion of the journal entry of judgment appealed from, necessary to be considered here, reads as follows:

"* * * And all of the parties having in open court announced ready for trial, a jury was duly impaneled and sworn to try the issues between the plaintiff and the defendant; and thereupon the plaintiff's attorney made his opening statement, and the defendant M. E. James, trustee, moved for judgment on the pleadings on the opening statement of counsel, * * * and the court after

due consideration, reserved its ruling on said motion for judgment, and the plaintiff introduced its evidence from day to day, and thereafter the defendants and each of them introduced their evidence, and on the 20th day of April, 1931, both plaintiff and the defendants and each of them rested. * * *

"And thereupon the defendant M. E. James, trustee, moved the court for an instructed verdict, and renewed his motion for judgment on the pleadings and upon the statement of counsel for the plaintiff, and the court, being well and truly advised in the premises, finds that the defendant is entitled to judgment on the pleadings on his first cause of action, * *. * and that the defendant * * * is entitled to judgment on the pleading and on his second cause of action. * * * Thereupon the court instructed the jury on the issues of damages contained in plaintiff's amended petition, * * * upon the same day the jury returned its verdict into court. * * * 'And the court on the verdict of the jury finds for the defendants and each of them, against the plaintiff on the amended petition of the plaintiff and the answer of the defendants thereto.'

"It is, therefore, considered, ordered, adjudged, and decreed that the plaintiff take nothing against the defendant, * * * on its amended petition, but that defendants have judgment for their costs.

"It is further ordered, adjudged, and decreed that the defendant M. E. James, trustee, have judgment against the plaintiff * * * on the first cause of action in his answer and cross-petition. * * *

"It is further ordered, adjudged, and decreed. that the defendant M. E. James have judgment on the pleadings against the plaintiff * * * on his second cause of action in his answer and cross-petition. * * *"

No exceptions to the judgment and no notice of appeal therefroc are shown in the record. In the reply of the defendant in error to the motion to return transcript for correction, a copy of the minutes entered in the journal of the trial court, certified by the court clerk and attached thereto, shows that no notice of appeal was given at the time the judgment appealed from was rendered or within ten days thereafter; a certified copy of the appearance docket in said cause, attached thereto, shows that a motion for new trial was filed April 22nd; that the motion for new trial was overruled on May 12th, exceptions taken, and notice of intention to appeal given in open court; 30 days was allowed in which to prepare and serve case-made, 10 days for amendments, and 5 days for settlement. The only other instrument filed was receiver's report filed on May 12th. The order overruling the motion for new trial was not filed, but only the minutes show on the appearance docket. Since the motion for new trial was overruled 22 days after the rendition of the judgment, notice of appeal given at that time comes too late.

Where a judgment is rendered by the trial court on the pleadings filed, a motion for new trial is unnecessary, and the filing thereof does not extend the time in which notice of appeal may be given, and where the parties have failed to give notice of intention to appeal within the time prescribed by law, the Supreme Court is without jurisdiction to review the judgment of the trial court. Goldberg v. Goldberg, 144 Okla. 243, 291 P. 93, and cases therein cited.

In Chase v. Byrnes, 136 Okla. 80, 276 P. 485, the syllabus reads as follows:

"Motions presented in the trial court, the rulings thereon, and exceptions thereto are not properly a part of the judgment roll, and can only be preserved and presented for review on appeal to the Supreme Court by incorporating the same in the bill of exceptions or case-made." Folsom v. Billy, 78 Okla. 146, 189 P. 188.

If the record could be amended, as requested by plaintiff in error, the defect would not be cured so as to enable this court to review the assignments of error, or the judgment appealed from, and for this reason the motion to amend the transcript will be denied.

Section 782, C. O. S., 1921, provides the manner and time of giving notice of appeal. The notice shall be given in open court at the time the judgment is rendered, or within 10 days thereafter. This provision of the statute is mandatory, and where it is not complied with, this court acquires no jurisdiction of the appeal. Cruse v. Murphy, 153 Okla. 169, 5 P. (2d) 147; Oliver v. Kelly, 129 Okla. 121, 263 P. 649, and cases therein cited.

For the reasons stated and upon the authorities hereinabove cited, notice of appeal not having been given within the time prescribed by the statute, this court is without jurisdiction to review the judgment appealed from. The motion to dismiss is sustained and the appeal dismissed.