### POMEROY v. O'CONNOR.

No. 21989.    April 10, 1934.

F. E. Riddle, for plaintiff in error.

O. H. Searcy and J. B. Underwood, for defendant in error.

OSBORN, J.    Alice M. O'Connor sued William H. Pomeroy in the court of common pleas in Tulsa county on a judgment

obtained in New York. Certain personal property of the defendant was attached and sold under attachment. Defendant filed a motion to vacate the sale, which was overruled, and a later amended motion to vacate the sale was overruled. Defendant appealed by transcript.

The error assigned is that the trial court erred in overruling the motions to vacate the attachment sale.

In the case of Holloway v. O'Dell, 131 Okla. 38, 267 P. 620, it is said:

"Motions presented in the trial court, the rulings thereon, and exceptions thereto are not properly a part of the record, and can only be preserved and presented for review on appeal to the Supreme Court by incorporating the same in the bill of exceptions or case-made."

In that case the appeal was from an order of the trial court sustaining a motion to vacate an attachment sale. The court followed the rule announced in the case of Stonebraker-Zea Cattle Co. v. Hilton, 34 Okla. 225, 124 P. 1062, which is as follows:

" 'Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made. The record proper in a civil action consists of a petition, answer, reply, demurrers, process, rulings, orders, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record unless made so by a bill of exceptions. Motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript.' " (Menton v. Shuttee, 11 Okla. 381, 67 P. 478.)

The above rule is supported by a long line of authorities too numerous to cite herein.

Since the appeal is by transcript and the assignments of error cannot be reviewed by transcript, there is nothing before this court for review. The appeal is dismissed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, and BUSBY, JJ., concur. RILEY, C. J., and WELCH, J., absent.