## DAVIS et al. v. AMERICAN FIRST TRUST CO. in OKLAHOMA CITY et al.

No. 27187.   Sept. 29, 1936.

Lillard, Gibbons & Jennings, for plaintiffs in error.

Lee G. Gill and R. Milton Elliott, for defendants in error.

PER CURIAM. Plaintiffs filed their action in the trial court to foreclose a mortgage, and on October 21, 1935, judgment was rendered for the plaintiffs. The appeal is by transcript. No notice of intention to appeal was given at the time of the rendition of judgment, and thereafter a motion for new trial was filed and the same was overruled on November 24, 1935, at which time the defendants gave their notice of intention to appeal, and the attempted appeal is from the order overruling the motion for new trial.

This court has repeatedly held that the motion for new trial and the order made thereon are no part of the record and cannot be incorporated in the transcript of record and presented to this court, and that where such motion and order made are depended upon to extend the time in which the appeal can be taken and motion to dis-

miss has been filed for the reason that the court is without jurisdiction of the proceeding, it will be sustained. In Richardson v. Beidleman, 33 Okla. 463, 126 P. 818, it is stated:

"Motion for new trial or motion to vacate an order is not a part of the record brought up by transcript."

In Brigham v. Davis, 126 Okla. 90, 258 P. 740, we said:

"A motion for new trial and the order .of the court overruling the same are no part of the record of the trial court which can be brought to this court by transcript, and the filing of such motion and the making of an order overruling the same do not extend the time in which to file proceedings in this court for review, where the appeal is by transcript."

To the same general effect see Chase v. Byrnes, 147 Okla. 118, 294 P. 786; In re Welfelt's Estate, 142 Okla. 110, 285 P. 843; Forrest E. Gilmore v. James, 156 Okla. 216, 10 P. (2d) 392. These same authorities hold that a notice in open court of intention to appeal given after the overruling of a motion for new trial and the order thereon, not incorporated in the record, serves no purpose to extend the time and is also ineffective as a notice of appeal.

The appeal is therefore dismissed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.