[No. 11784.   Department One. — October 25, 1887.]

## THOMAS D. WEEKS, RESPONDENT, v. THE GARIBALDI SOUTH GOLD MINING COMPANY ET AL., APPELLANTS.

SUMMONS — SERVICE OF BY PUBLICATION — AFFIDAVIT — JUDGMENT — RECITALS IN — APPEAL. — In order to affirmatively show the jurisdiction of the court over the person of a defendant served with summons by publication, and to support a judgment by default rendered against him, the affidavit of publication required by subdivision 3 of section 415 of the Code of Civil Procedure must be made and appear in the record, and in the absence of such affidavit the recitals in the judgment will not be accepted as a substitute for the proof of service of the summons, where the judgment is directly attacked upon appeal.

ACTION AGAINST CORPORATION — FAILURE TO FILE COPY OF ARTICLES OF INCORPORATION — DEFENSE BY CORPORATION. — The failure of a corporation to file a copy of its articles of incorporation in the office of the clerk of the county in which it owns property, as required by section 299 of the Civil Code, does not prevent the corporation from defending an action brought against it to recover for work and labor alleged to have been performed on such property.

JUDGMENT ON PLEADINGS — APPEAL — BILL OF EXCEPTIONS — RECITALS. — An erroneous ruling of the lower court in rendering judgment on the pleadings without a trial of the action may be reviewed on an appeal from the judgment, without being incorporated in a bill of exceptions, when the judgment recites that it was rendered on the pleadings.

APPEAL from a judgment of the Superior Court of Calaveras County.

The facts are stated in the opinion.

*William T. Lewis,* and *Reddick & Solinsky* for Appellants.

*F. W. Street,* for Respondent.

FOOTE, C. — This is an action to recover a certain sum of money alleged to be due for work and labor done and performed at the defendants' request, in and about certain mining property.

The Garibaldi Mining Company is a foreign corporation, having no managing or business agent, cashier, or secretary resident in the state of California. An effort was made to serve the defendants Spruance and Rodgers by publication of summons under section 412 of the Code of Civil Procedure. It appears, however, that no affidavit of the printer, his foreman, or principal clerk, that such publication took place, as required by subdivision 3 of section 415, Code of Civil Procedure, was made. Hence the proof is lacking of the service of summons, as required by law, and the record does not affirmatively show that the court had jurisdiction to render the judgment against those two persons. It has been held by this court that, upon a direct attack as by appeal, upon the validity of a judgment, it is necessary that the record should show that the court had jurisdiction of the person against whom the judgment was rendered, and that in determining such a question a recital in the judgment cannot be regarded; that upon such a direct attack the recitals in the judgment will not be accepted as a substitute for the proof of service of a summons. (*McKinley* v. *Tuttle,* 42 Cal. 577.)

The record on the appeal here consists of the notice of appeal and the judgment roll. (Sec. 950, Code Civ. Proc.)

The complaint was not answered by Spruance or Rodgers; hence, so far as concerned them, that roll, if properly made up, should consist of the complaint, the summons, with the affidavit of proof of its service, the memorandum of default, and a copy of the judgment. (Subd. 1, sec. 670, Code Civ. Proc.)

As we have seen, the record here shows an entire absence of any proof of publication of summons. The amended certificate of the clerk of the court filed here shows that the transcript filed in this court " contains a full, true, and correct copy of the judgment roll in said action," and " full, true, and correct copies of *all* the papers contained in the judgment roll in said action on file in my office."

It is not, therefore, affirmatively shown by the record that the court below had jurisdiction of the persons of the two defendants heretofore named, and on that account, as to them, it must be held on this appeal, which is a direct attack on the judgment, that the latter is invalid. The case of *Mahoney* v. *Middleton*, 41 Cal. 51, cited to us as conclusive against the views we have just expressed, is not in point; there the attack made upon the judgment was collateral, here it is direct.

The corporation defendant filed an answer traversing all the material allegations of the complaint. The plaintiff moved the court to render judgment against the defendant upon the pleadings, for the reason, as alleged, that the answer did not state facts sufficient to constitute a defense to the action. It was claimed that such a proceeding should be had by the court, because, as was alleged, the corporation did not aver in the answer that a copy of its articles of incorporation had been duly filed in the office of the county clerk as required by section 299, Civil Code. The court rendered the judgment as moved for.

The pleadings show that all the material allegations of the complaint were denied by the answer. It was not

necessary for the defendant to have pleaded in the answer that its articles of incorporation had been filed with the county clerk, under section 299, *supra*. The action was instituted to recover money for work and labor done at the instance and request of the defendant.

The section of the Civil Code, *supra*, upon which the respondent bases this contention, does prohibit corporations from making defense to certain kinds of actions, unless they have previously filed their articles of incorporation in the office of the clerk of the county where such corporation has its property. But that prohibition only extends to such actions or proceedings as may be brought " in relation to such property, its rents, issues, or profits."

It is clear that the action under consideration is not one which is included in the provisions of that section. There is nothing contained in its provisions which necessitates that a corporation defending such an action as this shall either aver in its answer, or prove as a fact on the trial, that its articles of incorporation had been filed in the county clerk's office.

The respondent makes the point that a judgment upon the pleadings cannot be reviewed without a bill of exceptions, and urges that the minutes of the court printed in the transcript cannot be considered as a part of the record. It is undoubtedly true that the minutes of the court are not a part of the record on appeal, unless incorporated therein in some mode authorized by statute. And if the record did not show that the judgment had been rendered on the pleadings without a trial, the court would have to presume in support of the judgment that a trial had taken place. The absence of findings would not overcome this presumption, because it would be presumed that findings had been waived. (*Mulcahy* v. *Glazier*, 51 Cal. 626; *Smith* v. *Lawrence*, 53 Cal. 34; *Carr* v. *Cronan*, 54 Cal. 600; *Reynolds* v. *Brumagim*, 54 Cal. 254.) In such a case a bill of exceptions would be

necessary to enable the court to see that the judgment had in fact been given upon the pleadings.

But in this case it appears from the judgment itself that it was rendered upon the pleadings. It states that "the attorney for plaintiff moved the court for judgment on the pleadings in said action, as against the said defendant, the Garibaldi South Gold Mining Company, on the ground that the answer filed herein by said defendant did not state facts sufficient to constitute a defense to said action. After argument of said motion by the respective counsel for plaintiff and said defendant, and the court having fully considered the same, said motion for judgment upon the pleadings was granted."

In view of this statement in the judgment, what need is there for anything further? A bill of exceptions is only for the purpose of making something appear of record which, without it, would not so appear. In order to say that one is necessary in this case, we should have to say that the statement above quoted had no proper place in a judgment, and must be entirely disregarded. But while there are undoubtedly some matters which it is improper to place in a judgment, yet we think that such matters as the one under consideration are not among the number, and that when placed there they must be regarded. (See Hayne on New Trial and Appeal, sec. 231, p. 694.)

The court having given a judgment for the plaintiff, which on its face shows that it was rendered upon the pleadings in an action, where the judgment roll shows that all the material allegations of the complaint were denied in the answer, and there existing no condition precedent placed by law upon the defendant's right to file its answer and defend the action, it follows that such judgment cannot stand.

The judgment should be reversed, and cause remanded for further proceedings in accordance with the views herein expressed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded for further proceedings in accordance with the views therein expressed.