## SULLIVAN v. WILLIAMSON *et al.*

No. 34.    Opinion Filed September 8, 1908.

(98 Pac. 1001.)

TRIAL—Dismissal—Grounds—Opening Statement. Where the petition states a cause of action, it is error to sustain a motion to dismiss the cause and render judgment against the plaintiff upon the opening statement of his counsel.

(Syllabus by the Court.)

*Error from District Court, Cleveland County; C. F. Irwin, Judge.*

Action by P. M. Sullivan against Albert E. Williamson and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*P. M. Sullivan, pro se.*
*J. L. Brown* and *W. C. Reeves,* for defendants in error.

KANE, J. This was an action brought by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, for the recovery of certain real estate situated in the county of Oklahoma, state of Oklahoma. The petition alleges, in substance, that the plaintiff is the owner, both in law and equity, and entitled to the immediate possession of the land described therein, and the defendants unlawfully keep him out of the possession of the same, and prays judgment for the immediate possession thereof, together with his costs laid out and expended. This undoubtedly constitutes a cause of action under section 4788, Wilson's Rev. & Ann. St. 1903, which provides that:

"In an action for the recovery of real property, it shall be sufficient if the plaintiff state in his petition, that he has a legal or equitable estate therein, and is entitled to the possession thereof, describing the same, as required by section one hundred and thirty-three, and that the defendant unlawfully keeps him out of the possession. It shall not be necessary to state how the plaintiff's estate or ownership is derived."

After the issues were joined and the case called for trial and a jury regularly impaneled and sworn to try the cause, counsel for plaintiff made his opening statement to the court and jury, and thereupon counsel for the defendants moved the court to render judgment in favor of the defendants upon the pleadings and opening statement of counsel, upon the ground that the facts as stated in the pleadings and opening statement did not entitle the plaintiff to any relief. After hearing argument of counsel the court took the matter under advisement, and continued the case until the next regular term of court, in the meantime giving the parties permission to file any additional briefs they desired. On the first day of the next regular term the court sustained the motion for a nonsuit, dismissed plaintiff's cause, and entered judgment in favor of defendants. Being dissatisfied with this judgment, the plaintiff in error brings the case to this court for review.

The petition stating a good cause of action, it was error for the court below to sustain a motion to dismiss the cause and render judgment against the plaintiff upon the opening statement of his counsel. "Such a motion will not be granted merely because counsel failed to state in his opening statement facts sufficient to constitute a cause of action." *Stewart v. Hamilton,* 3 Rob. (N. Y.) 672. A dismissal at the opening on the strength of the insufficiency of the statements of counsel for plaintiff is erroneous, as the evidence might, notwithstanding the opening statement, warrant a recovery. *Fisher v. Fisher,* 5 Wis. 472; *Haley v. Western Transit Co.,* 76 Wis. 344, 45 N. W. 16. Counsel for defendants in error cite no authorities sanctioning a nonsuit upon the open-

ing statement of counsel. None of the code states, so far as we are aware, have adopted such practice. The almost universal rule is that motions for dismissal or nonsuit must be predicated upon matter apparent in the record. The opening statement of counsel is never part of the record, unless made so by bill of exceptions or some other appropriate proceeding, and it is rare indeed that the opening statement is ever preserved for the purpose of predicating error upon it. In this case it was not preserved, so we have no means of knowing upon what facts the court granted a nonsuit.

As the petition states a cause of action, the court below should have permitted the cause to proceed to trial upon the issues joined by the pleadings. Not to do so was error, for which the cause must be reversed and remanded for a new trial.

Dunn, Hayes, and Turner, JJ., concur; Williams, C. J., not participating.