MARY ETHEL THIES, APPELLEE, v. ANNA THIES, APPELLANT.

FILED MARCH 13, 1920. No. 20314.

Fraudulent Conveyances: PETITION. In a suit to set aside conveyances of real estate as in fraud of a judgment creditor, where the suit is based upon a judgment recovered in a county other than the one where the land is situated, a petition which does not allege that a transcript of the judgment has been filed in the office of the clerk of the district court of the county where the land is situated is subject to demurrer.

APPEAL from the district court for Keith county: HANSON M. GRIMES, JUDGE. Reversed.

*A. H. Murdock, C. C. Sheppard* and *F. P. Marconnit*, for appellant.

*Kelso A. Morgan* and *H. A. Dano, contra.*

MORRISSEY, C. J.

Plaintiff obtained a decree of separate maintenance against her husband in the district court for Douglas county. She then brought suit to set aside as fraudulent certain conveyances of real estate in Keith county made by the husband to his sister and to his attorneys. The petition recites the preliminary steps in their chronological order and sets out the decree of separate maintenance. It alleges that an execution had been issued in Douglas county and returned *nulla·bona.* It does not allege that a transcript of the judgment had been filed in Keith county, or that any levy had been made upon the land. Defendants filed a general demurrer to the petition. The demurrer was overruled, the cause proceeded to trial, and judgment was entered in favor of plaintiff.

A number of assignments of error are contained in the brief. The first, and it seems to us the controlling one, is the ruling on the demurrer. May plaintiff maintain this action without alleging and proving that a transcript of her judgment has been filed in the county where the land is situated, or that a lien has actually attached to the land? There is an able discussion of this question in *Wadsworth v. Schisselbauer,* 32 Minn. 84. The language of this opinion was copied, and its reasoning followed, by this court in *State Bank of Ceresco v. Belk,* 68 Neb. 517. It would serve no useful purpose to repeat it here, but the rule there enunciated is supported by the weight of authority.

Under this rule, plaintiff was bound to docket a transcript of her judgment in the county where the land is situated before she could maintain an action of this character. Without a lien upon the land, there is no basis

for the suit.   2 Moore, Fraudulent Conveyances, 803, sec 54.   See, also, note to *Ziska v. Ziska*, 23 L. R. A. n. s. 1 (20 Okla. 634).

It was error to overrule the demurrer.   The judgment is therefore reversed and the cause remanded.

REVERSED.

DAY, J., not sitting.