## COLLINSVILLE NAT. BANK et al. v. WARD.

No. 12078—Opinion Filed Nov. 27, 1923.

(Syllabus.)

1. **Appeal and Error—Record—Opening Statement.**

The opening statement of counsel is not part of the record proper, unless made so by a bill of exceptions or case-made.

2. **Same — Motions, etc., in Preamble of Journal Entry.**

Incorporating motions, affidavits, or other papers which are not part of the record proper into the preamble of the journal entry of judgment will not constitute them part of the record unless first made so by bill of exceptions or case-made.

3. **Same — Defective Record — Review.**

In this proceeding in error, it it conceded that there is neither case-made nor bill of exceptions and that the opening statement of counsel is not part of the record proper. Being no part of the record proper and not being made a part thereof by any appropriate statutory proceeding, it follows that the error complained of herein is not open to review.

Error from District Court, Rogers County; C. W. Mason, Judge.

Action by the Collinsville National Bank and another against James D. Ward. Judgment for defendant, and plaintiffs bring error. Dismissed.

Goldsberry & Boone and Adams & Wills, for plaintiffs in error.

J. P. O'Meara, A. F. Moss, L. G. Owen, and J. C. Farmer, for defendant in error.

KANE, J. This was an action for the recovery of money commenced by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below.

After counsel for the plaintiffs had made their opening statement, counsel for the defendant moved the court for judgment upon the pleadings and the opening statement of counsel, which was sustained and judgment entered for the defendant for cost. This action of the court presents the only question for review in this court.

Counsel for the defendant, on the threshold of the case, say that the record before us is insufficient to present this question for review for the following reasons:

(1) There is no case-made before the court.

(2) There was no motion for new trial.

(3) The matters which the court is asked to investigate are not matters that can be brought before this court on the transcript.

It is conceded that there is no case-made and that there was no motion for a new trial, so the only question to be passed upon is whether error predicated upon the action of the court in rendering judgment upon the pleadings and the opening statement of counsel can be presented to this court upon a transcript of the record without either a case-made or bill of exceptions. We think this question must be answered in the negative.

The pleadings, of course, are part of the record proper, and action of the court in sustaining the motion for judgment on the pleadings may be reviewed on a transcript of the record where it appears from the judgment itself that it was rendered upon the pleadings. Mires v. Hogan, 79 Okla. 233, 192 Pac. 811; Weeks v. Garibaldi South Gold Min. Co. et al. (Cal.) 15 Pac. 302.

Counsel for the plaintiffs claim that the same principle applies for a judgment entered upon the opening statement of counsel. They say that inasmuch as the opening statement of the counsel is set out in a preamble to the journal entry of judgment, this makes it a part of the record proper. We do not think so. The opening statement of counsel is not part of the record proper, unless made so by a bill of exceptions or case-made. Sullivan v. Williamson, 21 Okla. 844, 98 Pac. 1001.

Motions presented in the trial court, the rulings thereon, and exceptions are not properly a part of the record, and can only be preserved and presented for review on

appeal by incorporating the same into a bill of exceptions or case-made, as the record proper in a civil action consists of the petition, answer, reply. demurrers. process, rulings, order. and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record unless made so by bill of exceptions; and motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript. Stonebraker-Zea Cattle Co. v. Hilton, 34 Okla. 225, 124 Pac. 1062.

In this proceeding in error, it is conceded that there is neither a case-made nor bill of exceptions and that the opening statement of counsel is not part of the record proper.

The opening statement of counsel being no part of the record proper and not being made a part thereof by any appropriate statutory proceeding, it follows that the error complained of herein is not open to review.

For the reasons stated, the appeal is dismissed.

JOHNSON, C. J., and KENNAMER, BRANSON, and HARRISON, JJ., concur.