Thies v. Thies.

MARY ETHEL THIES, APPELLEE, V. PERRY J. THIES ET AL., APPELLANTS.

FILED MARCH 22, 1924.   No. 22686.

1.   Creditors' Suit.   "There are two classes of creditors' bills, one to reach the equitable assets or property of the debtor on which an execution at law cannot be levied; the other in aid of an execution at law, as to set aside an incumbrance or a transfer of property made to defraud creditors.   In the first class of cases the creditor must allege and show that he has exhausted his remedy at law, while in the second it is sufficient to show that his claim has been reduced to judgment and docketed in the county where the land lies which he seeks to subject to the payment of his claim.   The equity court in such case is merely lending its assistance to the legal tribunal to remove a fraudulent obstruction interposed to the execution of its writ."   *State Bank of Ceresco v. Belk*, 68 Neb. 517.

2.   Fraudulent Conveyances: TRANSACTIONS BETWEEN RELATIVES.   The facts surrounding a conveyance of land between near relatives will be closely examined where fraud is charged, to discover if the conveyance was made for the purpose of hindering, delaying, or defrauding creditors.

3.   ——: CONVEYANCE TO SISTER.   Evidence examined, and *held* that the deed from the grantor to his sister was not a good faith transaction, but was made for the purpose of hindering, delaying, and defrauding the plaintiff, a creditor of the grantor.

4. ————: CONVEYANCE TO ATTORNEY. "An insolvent debtor has the right to employ attorneys to defend his estate and himself, and to transfer his property in payment of such contemplated services, provided it is done in good faith and the property transferred does not exceed a reasonable fee for the service which might be reasonably anticipated." *Farmers & Merchants Nat. Bank v. Mosher,* 63 Neb. 130.

5. ————: ————. Evidence examined, and *held* that the mortgage executed by the grantor to his attorneys was in payment of contemplated services to be rendered by such attorneys; that it was made in good faith; and that the mortgage *did* not exceed a reasonable fee for services which might be reasonably anticipated.

APPEAL from the district court for Keith county: J. LEONARD TEWELL, JUDGE. *Affirmed in part, and reversed in part, with directions.*

*C. C. Sheppard* and *A. H. Murdock,* for appellants.

*H. A. Dano* and *Morgan, Horton & Strehlow, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY, and GOOD, JJ.

DAY, J.

This is a creditors' bill brought by Mary Ethel Thies against Perry J. Thies, Anna V. Thies, Charles C. Sheppard, *et al.,* to set aside as fraudulent certain conveyances of real estate in Keith county, executed by Perry J. Thies to his codefendants. The trial resulted in a decree setting aside and canceling the deed from Perry J. Thies to his sister Anna V. Thies, and also setting aside and canceling the mortgage from Perry J. Thies to Charles C. Sheppard and Fred P. Marconnit, and further decreeing the title to the land to be in Perry J. Thies and subject to the lien of plaintiff's judgment. Defendant's have appealed.

The facts out of which the controversy arises are substantially as follows: On August 23, 1915, the plaintiff, Mary Ethel Thies, commenced an action for divorce in Douglas county against defendant Perry J. Thies, and one week later secured an order from the court requiring the

defendant to pay for her support $10 a week *pendente
lite.* In a cross-petition the husband also prayed for a di-
vorce. Upon the trial of the divorce action on its merits
the court denied to the plaintiff and the defendant the re-
lief prayed, but entered a decree of separate maintenance,
in which the defendant was required to separately main-
tain and provide for his wife and minor child, who was at
the time of the decree 5½ years old. The decree required
the defendant to pay $35 a month commencing February 1,
1917, until the further order of the court. The decree also
required the defendant to pay $350 attorney fees for plain-
tiff's attorney, and the further sum of $40 on account of
costs and expenses. This decree was dated January 19,
1917. On appeal by the defendant to this court the decree
was affirmed. *Thies v. Thies,* 103 Neb. 499, and again
affirmed on rehearing in 103 Neb. 501. It also appears that
for a number of years prior to January, 1916, Perry J. Thies
was the owner of a tract of land in Keith county compris-
ing about 480 acres. On January 17, 1916, he executed a
mortgage on this land for $1,500 in favor of his attorneys,
Charles C. Sheppard and Fred P. Marconnit, defendants
herein. On January 18, 1916, he executed a quitclaim deed
to the land to his sister, Anna V. Thies. The plaintiff did
not join in either of these conveyances. On February 1,
1916, the plaintiff instituted a suit in Keith county to set
aside and cancel the mortgage and deed above described.
The action was based upon the judgment for temporary
alimony entered on the 30th day of August, 1915. On Feb-
ruary 8, 1916, a certified copy of the order for temporary
alimony was filed in Keith county. Later several amended
petitions were filed to cover the increasing amount be-
coming due from month to month on the order for tem-
porary alimony, the last amended petition being filed April
4, 1917. Demurrers were filed to the petition and the sev-
eral amendments thereto upon the ground that no cause of
action was stated. The demurrers were overruled. Upon
issue joined, the trial resulted in a decree in favor of the
plaintiff. On appeal by the defendants to this court the

judgment of the lower court was reversed upon the sole ground that the amended petition upon which the cause was tried failed to state a cause of action, because it was not alleged that a transcript of the judgment obtained in Douglas county was filed in the office of the clerk of the district court in Keith county. *Thies v. Thies,* 104 Neb. 248. On May 4, 1917, a transcript of the decree for separate maintenance rendered in Douglas county was filed in Keith county. To correct an error another transcript of the decree in Douglas county was filed for record in Keith county on May 14, 1920. On August 4, 1920, the plaintiff filed a petition in Keith county, designated "amended petition." A summons was regularly issued upon this petition and served upon all of the defendants named therein, except Bartell. On September 23, 1920, the plaintiff filed an amended and supplemental petition. The defendants who were served filed demurrers, as they had done to all previous petitions, upon the ground that a cause of action was not stated. The demurrers were overruled. Issue was then joined, and a decree entered in favor of the plaintiff, which is the decree now sought to be set aside.

The defendants insist that the "amended petition" filed August 4, 1920, and the amended and supplemental petition thereto filed September 23, 1920, are but amendments to the original cause of action filed February 1, 1916, and that under the rule announced in *Thies v. Thies,* 104 Neb. 248, the demurrers should have been sustained. We think the argument is based on a false premise. While it is true that the petition was designated an "amended petition," we think it must be regarded as the petition in a new and independent action from the original case. A summons was regularly issued upon the petition and served upon the defendants. To all intents and purposes, it was a new action. The mere fact that it was incorrectly designated as an "amended petition" is not at all controlling. In the last petition facts were alleged showing that a transcript of the judgment in Douglas county, not only upon the temporary

order but also upon the final decree, was filed in Keith county before the present action was commenced.

It is next urged by the defendants that the petition fails to state a cause of action, because it is not alleged that execution was issued upon the judgment and returned *nulla bona*. We think the objection thus sought to be raised by the defendants is fully answered against defendants' contention in *State Bank of Ceresco v. Belk*, 68 Neb. 517. In that case, it is held: "There are two classes of creditors' bills, one to reach the equitable assets or property of the debtor on which an execution at law cannot be levied; the other in aid of an execution at law, as to set aside an incumbrance or a transfer of property made to defraud creditors. In the first class of cases the creditor must allege and show that he has exhausted his remedy at law, while in the second it is sufficient to show that his claim has been reduced to judgment and docketed in the county where the land lies which he seeks to subject to the payment of his claim. The equity court in such case is merely lending its assistance to the legal tribunal to remove a fraudulent obstruction interposed to the execution of its writ." In the course of the opinion it is said: "In the latter class of cases, the prevailing doctrine is that it is not necessary to allege that an execution has been returned unsatisfied, or that the debtor has no other property out of which the judgment can be satisfied; for that is not the ground upon which the court of equity assumes to grant relief in such cases, but upon the theory that the fraudulent conveyance is an obstruction which prevents the creditor's lien from being efficiently enforced upon the property. As to the creditor, the conveyance is void, and he has a right to have himself placed in the same position as if it had not been made. The fact that other property has been retained by the debtor may be evidence that the conveyance is not fraudulent, but, if the grantee's title be tainted with fraud, he has no right to say that all other means to satisfy the debt shall be exhausted before he shall be disturbed." (Citing cases.)

It is urged on behalf of the defendant Anna V. Thies, that the evidence is not sufficient to sustain the decree of the trial court setting aside the deed to her. There is considerable diversity of opinion as to the value of the land deeded to Anna V. Thies. The testimony on behalf of the plaintiff fixes the value of the land from $11,800 to $14,300. Defendants' witnesses place the value from $10,000 to $12,000. While the consideration recited in the deed to Anna V. Thies was $1 and other valuable consideration, the proof on her behalf tends to show that she gave $1,000 and assumed the incumbrance on the property, which she states was $3,000 or $4,000. There was no incumbrance upon the land, however, except the mortgage of $1,500 to Sheppard and Marconnit above described. Later she states that she was to assume some of her brother's indebtedness, but no person is described as creditor, and her testimony upon this point is far from satisfactory. While she states that she did not know that a judgment had been rendered against her brother for temporary alimony, she did know that he was having domestic difficulty with his wife, and that she had advanced him sums of money for his defense. She also knew that the wife had failed to join in the deed. The rule is established that the facts surrounding a conveyance of land between near relatives will be closely scrutinized where fraud is charged, to discover whether the conveyance was made for the purpose of hindering, delaying, or defrauding creditors. Without attempting to give a review of all of the facts surrounding the transaction, we think that the grossly inadequate consideration paid for the land, the fact that the wife did not join in the conveyance, the knowledge that the grantee had that her brother was in trouble and needed money to defend himself, a part of which she had then advanced, were sufficient to at least put her on inquiry, which we think would have shown that her brother was conveying the land for the purpose of hindering, delaying, and defrauding the plaintiff. This transaction bears the ear-

marks of fraud.   An inspection of the entire record convinces us that the transaction was fraudulent.

With respect to the mortgage given to the attorneys, Sheppard and Marconnit, it is undisputed that the mortgage was given in payment of services at that time performed, and services anticipated to be rendered in the present action.   The fees for services in prior actions, while not stated, could not have been very large.  In *Farmers & Merchants Nat. Bank v. Mosher,* 63 Neb. 130, it was held: "An insolvent debtor has the right to employ attorneys to defend his estate and himself, and to transfer his property in payment of such contemplated services, provided it is done in good faith and the property transferred does not exceed a reasonable fee for the service which might be reasonably anticipated."   It is difficult to determine what was exactly in the minds of the parties with reference to future litigation.  It is shown, however, that the attorneys appeared twice in the supreme court in the divorce action, twice in the district court and in this court in the action to set aside the conveyances in Keith county, and that they made eight or ten trips from Omaha to Ogallala in the necessary preparation and trial of the cases.   Upon the record made upon this phase of the case, we are led to conclude that the mortgage was given in good faith, and that the amount thereof did not exceed a reasonable fee for services which might be reasonably anticipated.

Other questions are presented in the record, which we have considered, but which we do not deem necessary to discuss.   The main questions have been considered.

The judgment of the district court setting aside the deed from Perry J. Thies to Anna V. Thies is sustained.   That part of the judgment setting aside the mortgage from Perry J. Thies to Charles C. Sheppard and Fred P. Marconnit is reversed, and the cause remanded, with directions to enter judgment in accordance with this opinion.

AFFIRMED IN PART, AND REVERSED IN PART, WITH DIRECTIONS.