**MEEKS et al. v. OKLAHOMA NAT. BANK et al.**

No. 17602.    Opinion Filed Jan. 17, 1928.

Rehearing Denied Feb. 28, 1928.

(Syllabus.)

1. **Appeal and Error—"Record Proper"— Action in Sustaining Motion for Judgment on Pleadings Reviewable on Transcript of Record.**

The record proper in a civil action consists of the petition, answer, reply, demurrer, process, rules, order and judgment, and the action of the court in sustaining a motion for judgment on the pleadings may be reviewed on a transcript of the record where it appears from the judgment itself that it was rendered upon the pleadings.

2. **Same—Matters not Part of Record Proper—Necessity for Bill of Exceptions or Case-Made.**

The opening statement of counsel, motions presented in the trial court, the rulings thereon, and exceptions are not properly a part of the record, and can only be preserved and presented for review on appeal by incorporating the same in a bill of exceptions or case-made.

Error from District Court, Tulsa County; C. S. Walker, Judge.

Action by Christine Meeks et al. against the Oklahoma National Bank of Skiatook et al. Judgment for defendants, and plaintiffs bring error. Dismissed.

Joseph W. Howell, for plaintiffs in error.

A. F. Moss, O. H. Searcy, S. J. Montgomery, and H. R. Young, for defendants in error.

MASON, V. C. J. The plaintiffs in error, Christine Meeks and Henry Meeks, her husband, and Linda Bishop and Sim Bishop, her husband, commenced this action against the defendants in error, the Oklahoma National Bank of Skiatook, A. W. Lucas, L. L. Wiles, Alice M. O'Brien, and Alice M. O'Brien, as executrix of the estate of L. A. O'Brien, deceased, for the purpose of canceling a certain mortgage and certain deeds which they had executed covering lands, described in the petition, located in Tulsa county.

After the issues were joined and the case called for trial and a jury impaneled and sworn to try the cause, counsel for both plaintiffs and defendants made their opening statements to the court and jury, and thereupon counsel for defendants moved the court to render judgment in favor of the defendants upon the pleadings and opening statement of counsel upon the grounds that the facts, as stated in the pleadings and opening statement, did not entitle the plaintiffs to any relief. The court sustained said motion, dismissed plaintiffs' cause of action, and entered judgment in favor of the defendants, from which action the plaintiffs bring the case to this court for review.

Plaintiffs in error have not favored this court by furnishing a case-made or bill of exceptions, but are seeking to have this court review the judgment of the trial court by filing with the clerk of this court a petition in error with a transcript of the record attached.

The pleadings, of course, are part of the record proper, and the action of the court in sustaining the motion for judgment on the pleadings may be reviewed on a transcript of the record where it appears from the judgment itself that it was rendered upon the pleadings. Mires v. Hogan, 79 Okla. 233, 192 Pac. 811; Weeks v. Garibaldi South Gold Mining Company (Cal.) 15 Pac. 302. But the opening statement of counsel is not part of the record proper, unless made so by a bill of exceptions or case-made. Collinsville National Bank v. Ward, 96 Okla.

140, 220 Pac. 864; Sullivan v. Williamson, 21 Okla. 844, 98 Pac. 1001.

Motions presented in the trial court, the rulings thereon, and exceptions are not properly a part of the record, and can only be preserved and presented for review on appeal by incorporating the same in a bill of exceptions or case-made, as the record proper in a civil action consists of the petition, answer, reply, demurrers, process, rulings, order, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record unless made so by bill of exceptions; and motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript. Stonebraker-Zea Cattle Co. v. Hilton, 34 Okla. 225, 124 Pac. 1062.

Counsel for defendants in error also urge that, as a part of said opening statement, counsel for plaintiffs in error stated that, after the execution of the deeds involved herein, the plaintiffs rented or leased said premises from the grantees in said deeds, who are defendants herein. Counsel then insist that the action of the trial court was proper, inasmuch as a tenant, while in possession, holding under his landlord by virtue of a valid lease, cannot be heard to assail his landlord's title.

The opening statement of counsel being no part of the record proper, it follows that the error complained of herein is not open to review.

For the reasons stated, the appeal is dismissed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 4 C. J. p. 106, §1710; p. 107, §1711; p. 109, §1715; p. 110, §1717; p. 165, §1772. (2) 4 C. J. p. 92, §1688; p. 190, §1796; p. 191, §1797.