URSCHEL et al., Adm'rs, v. BLACK et al.

No. 21566.   Opinion Filed March 21, 1933.

W. N. Stokes, I. H. Cox, C. B. McCrory. and S. A. Duling, for plaintiffs in error.

James C. Wright, for defendant in error E. L. Black.

OSBORN, J. This is an appeal from the district court of Okfuskee county and involves an order of the court sustaining an objection to the introduction of evidence and dismissing a petition in intervention filed by T. B. Slick. The original action was filed on October 3, 1928, by E. L. Black, as plaintiff, against D. M. Smith, O. A. Bingham, W. B. Bingham, Bingham-Smith Oil Company, and the Texas Company, as defendants, and was an action for partition, accounting, and the appointment of a receiver, and involved certain oil property located in Okfuskee county. A receiver was appointed to operate the leases, and on the 12th day of November, 1929, he filed his final report showing that he held funds in the amount of $511.89 which were payable to the plaintiff, E. L. Black, as his part of the proceeds of the property involved.

However, on November 4, 1929, the intervener, T. B. Slick, obtained permission of the court and filed a petition in intervention, and thereafter an amended petition in intervention. The cause came on for hearing on January 31, 1930.

The plaintiff, Black, through his attorney, objected to the introduction of any evidence by the intervener, which objection was sustained by the court, and the petition in intervention dismissed, whereupon the intervener perfected this appeal by transcript.

After the appeal was filed in this court the intervener, T. B. Slick, died and the action was revived in the name of C. F. Urschel. Arthur Seeligson, and Berenice Slick, as executors of the estate of T. B. Slick, deceased.

Defendants in error have filed a motion to dismiss the appeal herein alleging that the errors complained of by plaintiffs in error are not disclosed by the record proper and therefore cannot be reviewed upon a transcript of the record.

This court has held in numerous cases that motions are no part of the record proper and can only be preserved and presented

for review on appeal by incorporating the same in a bill of exceptions or a case-made.

In the instant case, however, the error complained of was based upon an objection to the introduction of evidence by reason of lack of jurisdiction of the court and by reason of the claim that the allegations of the petition and the amended petition were insufficient to entitle intervener to the relief prayed for, which objection was incorporated verbatim in the journal entry as follows:

"At this time the plaintiff objects to the introduction of any evidence by the intervener for the reason that there is no privity of action between intervener and the parties thereto, and that this court is without jurisdiction to try and determine the rights of the intervener in this action and for the further reason that intervener's petition and amended petition do not constitute a cause of action to entitle intervener to the relief prayed for in this action."

The court sustained said objection for the reasons assigned by plaintiff and refused to proceed with the trial and dismissed the petition in intervention on the pleadings before him, all of which appears in the final judgment appealed from.

We think that the error of the court, if any, is disclosed by the record proper, and that same is reviewable by transcript. Meeks v. Oklahoma Nat. Bank, 129 Okla. 280, 264 P. 609.

The motion to dismiss the appeal is therefore denied.

The plaintiff contends that there is no privity of action between the intervener and the parties hereto; that none of the issues raised by the petition in intervention are germane to the issues involved between plaintiff and defendant, and that intervener had no such interest in the subject-matter of the lawsuit as would entitle him to intervene. The intervener, however, contends that his action is in the nature of a creditor's bill for the discovery and application of certain funds in the custody of the court belonging to the plaintiff, E. L. Black, to a judgment indebtedness in favor of intervener.

He does not contend that the issues involved in his petition are germane to the original cause of action of plaintiff or that there is any privity of action between intervener and the parties to the original cause of action.

It is necessary, therefore, for this court to examine his pleadings to determine whether or not he has stated facts sufficient to justify his intervention as a judgment credit-

or of plaintiff. In this connection the intervener alleges that on the 4th day of June, 1927, he recovered a judgment against E. L. Black, plaintiff herein, in the district court of Okfuskee county, and that there is now a balance due on said judgment of $1,826.64; that on April 30, 1928, he filed a copy of the journal entry of said judgment in the office of the court clerk of Okfuskee county, which thereupon became a lien upon all of the real estate of the said E. L. Black in Okfuskee county; that he caused an execution to issue, which was levied upon the property involved in this suit, but that no sale was had under the execution for the reason that the said sale was to be had on a certain date which fell on Sunday and the execution was thereupon recalled: that before an alias execution could be issued this suit was filed and the property was placed in the hands of a receiver appointed by the court, thereby preventing intervener from levying an alias execution upon the property herein involved. Intervener further alleges that he made an oral application to the court for leave to garnishee the receiver, which application was denied, and that the court directed him to file his petition in intervention herein on the ground that such procedure would entitle him to the same relief as could be obtained by garnishment. He further alleges that the said E. L. Black is insolvent and unable to respond to legal process in any other manner than by the application of the funds to his credit in the hands of the receiver in this cause, and that unless he is able to secure relief through his petition in intervention, he will be without relief at law or in equity.

Intervener further alleges that since the filing of the original intervening petition the said plaintiff, E. L. Black, made a pretended assignment of the funds in the hands of the reciver to O. J. Pharaoh and J. V. Johnson, and that said parties are now claiming said funds; that they were purchasers of the property from which said funds were derived, and were parties to the original action; that said pretended assignment was without consideration and was made by the said Black and accepted by the said named parties for the purpose of hindering and delaying said intervener; and that said assignment is fraudulent, inequitable, and void, and should be canceled and set aside by said court; that said parties had knowledge and notice of the rights and claims of this intervener.

In the case of Hockaday v. Drye, 7 Okla. 288, 54 P. 475, it is said:

"Where an insolvent debtor has made an assignment for the benefit of creditors generally, and before the expiration of the 20 days limited for filing the inventory the property is attached on actions by certain of the creditors, and sold by the sheriff, and, after judgment in the attachment proceedings, the proceeds of the sale are in the hands of the court awaiting distribution, the general creditors of the assignor may interplead in said attachment action, asking the court to decree such proceeds a trust fund to be administered in equity, and distributed pro rata among all the creditors of the assignor, and for the appointment of a receiver to administer such trust."

The right of a judgment creditor to invoke the equitable jurisdiction of the court by a plea in intervention to satisfy a judgment out of assets in the custody of the court is well recognized in many jurisdictions. In the case of Thies v. Thies, 198 N. W. 151, the Supreme Court of Nebraska announces this doctrine as follows:

"There are two classes of creditors' bills, one to reach the equitable assets or property of the debtor on which an execution at law cannot be levied; the other in aid of an execution at law, as to set aside an incumbrance or a transfer of property made to defraud creditors. In the first class of cases the creditor must allege and show that he has exhausted his remedy at law, while in the second it is sufficient to show that his claim has been reduced to judgment and docketed in the county where the land lies which he seeks to subject to the payment of his claim. The equity court in such case is merely lending its assistance to the legal tribunal to remove a fraudulent obstruction interposed to the execution of its writ."

In the case of In re Abbott, 153 N. W. 795, the Supreme Court of Michigan announces the rule as follows:

"Where a petition for dissolution of a corporation under Comp. Laws 1897, c. 300, was filed, and a receiver was appointed, creditors of the corporation who had reduced their claims to justice court's judgments and who had caused executions to issue thereon, which executions were returned unsatisfied, could intervene without filing transcripts in the circuit court and obtaining executions thereon and their return unsatisfied."

The Supreme Court of the United States in the case of Hoffman v. McClelland, 264 U. S. 552, 44 Sup. Ct. 407, 68 L. Ed. 845, announced the following rule:

"It is settled that where, in the progress of a suit in a federal court, property has been drawn into the court's custody and control, third persons claiming interest in or liens upon the property may be permitted to come into that court for the purpose of setting up, protecting, and enforcing their

claims, although the court could not consider or adjudicate their claims if it had not impounded the property. Power to deal with such claims is incident to the jurisdiction acquired in the suit wherein the impounding occurs, and may be invoked by a petition to intervene pro interesse suo or by a dependent bill; but in either case the proceeding is purely ancillary. Okla. v. Texas, 258 U. S. 574-581, 42 Sup. Ct. 406, 66 L. Ed. 771; Minnesota Company v. St Paul Company, 2 Wall. 609-632, 17 L. Ed. 886; Krippendorf v. Hyde, 110 U. S. 276; Compton v. Jesup, 68 Fed. 263-279, 15 C. C. A. 397; Sioux City Co. v. Trust Co. 82 Fed. 124-128, 27 C. C. A. 73; Minot v. Mastin, 95 Fed. 734-739, 37 C. C. A. 234; Street, Fed. Eq. Pr. secs. 1229, 1245-1247, 1364."

In the instant case the intervener has pleaded an unpaid judgment; he has shown due diligence in claiming his rights under the law; he has pleaded the insolvency of plaintiff herein and that he has no other remedy at law or in equity. Clearly this is sufficient to state a cause of action of this nature and invoke the aid of a court of equity. We think the court erred in refusing jurisdiction of said petition in intervention.

The cause is reversed, with directions to the trial court to proceed in conformity with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ. concur.