## ADAMS v. DANIELS et al.

No. 26153.   Feb. 4, 1936.

Rehearing Denied Feb. 25, 1936.

E. S. Lowther, for plaintiff in error.

Fred W. Green, for defendants in error.

PER CURIAM. This is an appeal from the district court of Logan county, from a judgment of said district court entered upon the defendants' motion for judgment upon the pleadings and upon the opening statement of plaintiff. The plaintiff in error is H. M. Adams, who was also the plaintiff below, and the defendants in error are John, Daniels, Lucy J. C. Daniels, and Susan E. Daniels, also defendants below. After the issues were joined and the case came on for trial, counsel for both the plaintiff and defendants made their opening statements; counsel for defendants then moved the court for judgment upon the pleadings and upon the opening statement of the plaintiff, for the reason that the facts as stated in the p'eadings and opening statement did not entitle the plaintiff to any relief against the defendants. The trial court sustained said motion, and dismissed plaintiff's cause of action, from which action of the trial court plaintiff brings this appeal.

Plaintiff filed with the clerk of this court his petition in error, with a transcript of the record attached.

1, 2. The judgment roll shows upon its face that the judgment is based, not alone upon the pleadings, but upon the pleadings and opening statement of the plaintiff. It is necessary, therefore, that the opening statement of the plaintiff be properly incorporated as a part of the record for review by this court; this was not done in this case. Our court has previously held that the opening statement of counsel, motions presented in the trial court, the rulings thereon, and exceptions are not properly a part of the record, and can only be preserved and presented for review on appeal by incorporating the same in a bill of exceptions or case-made. Meeks et al. v. Oklahoma National Bank of Skiatook et al., 129 Okla. 280, 264 P. 609. This court does not have the benefit of the opening statement made by plaintiff in error, as did the trial court; to attempt to review the judgment in this case without the benefit of the opening statement of counsel would necessitate the assumption on our part that such opening statement had no bearing upon the judgment, and this court will not indulge in such a presumption. The plaintiff in error, if he desired to have the judgment reviewed by transcript, should have taken a bill of exceptions and included in such bill of exceptions the opening statement of counsel.

The appeal is therefore dismissed.

The Supreme Court acknowledges the aid of Attorneys Norton Standeven and H. R. Duncan in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Standeven and approved by Mr. Duncan, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.