McINTOSH, Adm'r, v. V. & L. INVESTMENT CO.

No. 31979. Dec. 18, 1945.

*164 P. 2d 626.*

B. C. Franklin, of Tulsa, for plaintiff in error.

L. K. Pounders, of Bristow, for defendant in error.

RILEY, J. This is an action commenced by plaintiff in error against defendant in error, for the recovery of money.

Issues were joined and the cause came on for trial. The parties appeared and announced ready for trial and a jury was impaneled to try the issues. Counsel for plaintiff made his opening statement. Counsel for defendant then moved the court for judgment for defendant upon the opening statement of counsel for plaintiff. The motion was sustained, whereupon the court directed the jury to return a verdict for defendant, which was done, and judgment was entered for defendant on the verdict.

Plaintiff appeals and complains of error of the trial court in directing a verdict for defendant. To the petition in error, plaintiff attached a certified transcript of the record. But there is no bill of exceptions making the opening statement and the motion for judgment a part of the record. The opening statement of counsel, motions before the trial court, and the rulings thereon, and exceptions thereto are not a part of the record proper, and can only be preserved and presented for review on appeal by incorporating the same in a bill of exceptions or case-made. Meeks v. Oklahoma Nat. Bank, 129 Okla. 280, 264 P. 609; Adams v. Daniels et al., 176 Okla. 142, 54 P. 2d 607; Collinsville Nat. Bank v. Ward, 96 Okla. 140, 220 P. 864.

Incorporation of motions, affidavits, and other papers into a transcript will not make them a part of the record unless made so by bill of exceptions. Meeks v. Oklahoma Nat. Bank, supra.

The opening statement of counsel for plaintiff and the motion for judgment not being a part of the record proper and not being made a part thereof by appropriate statutory proceedings, it follows that the error complained of is not open to review. Collinsville Nat. Bank v. Ward, supra.

For the reasons stated, the appeal is dismissed.

GIBSON, C.J., HURST, V.C.J., and WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.